**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alan Neal SCOTT, Defendant-Appellant.**

**Nos. 80–7963, 80–9066**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.*
Unit B

Oct. 19, 1981.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Chris S. Christ, Bessemer, Ala. (Court Appointed), for defendant-appellee.

Holly L. Wiseman, Asst. U. S. Atty., Birmingham, Ala., for defendant-appellant.

Before HILL, VANCE and HATCHETT, Circuit Judges.

PER CURIAM:

Alan Neal Scott seeks reversal of his convictions on forty-nine counts of submitting fraudulent tax returns in violation of 18 U.S.C. § 287[1] and one count of intimidating a witness in violation of 18 U.S.C. § 1503.[2] As grounds for reversal, Scott alleges insufficiency of the evidence to support his convictions and improper joinder of counts. Finding no merit in either of these contentions, we affirm.[3]

---

1. 18 U.S.C. § 287 provides:

Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

2. 18 U.S.C. § 1503 provides, in pertinent part:

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States ... shall be fined not more than $5,000 or imprisoned not more than five years, or both.

3. Scott raises other issues in this appeal. Because they are raised for the first time on appeal, they are not properly before this court. *Matter of Novack*, 639 F.2d 1274 (5th Cir. 1981).

## FACTS

The Internal Revenue Service (IRS) noted the 1040–A forms which constitute the subject matter of the 18 U.S.C. § 287 offenses when an employee reported four 1040–A forms to the Questionable Refund Detection Team of the IRS's Atlanta regional office. Although the returns had allegedly been submitted by different individuals, each return bore a social security number beginning with the numbers 417–06 and each return had the same address, a post office box listed to B. K. Arrowood in Birmingham, Alabama. Each individual's fund request was non-computed, and after computation requested a refund ranging from $2200 to $2500. The W–4 forms attached to the 1040–A forms did not contain mandatory employer identification numbers, and both forms listed a non-existent corporation, WCL Systems, as the employer. The type appearing on the W–2 forms was the same as the type appearing on the 1040–A forms.

After the returns were transferred to the questionable refund detection team, a computer search revealed forty-five other tax returns bearing the same characteristics as the original four. Based on this information, a search warrant was obtained for John Doe, also known as B. K. Arrowood. Government employees placed eleven decoy refund checks in the Arrowood post office box and placed the box under surveillance. After observing Scott open the box and remove the decoy checks, government employees arrested Scott. These employees took Scott to an upstairs room in the post office and executed the search warrant. They found eleven decoy refund checks in Scott's umbrella.

Shortly following his arrest, Scott called Arrowood, an acquaintance, and arranged a meeting. When Scott arrived at the appointed place in his automobile, he persuaded Arrowood to get into the automobile, and Scott drove to a secluded area. Scott forced Arrowood to strip naked and threatened to administer electric shock to his body if Arrowood did not cooperate. Scott then related to Arrowood an exculpatory version of the events leading to his arrest and told Arrowood to meet with him and his lawyer in order to "get their story straight."

At trial, a postal worker identified Scott as the person who requested a duplicate key to the post office box in question. A handwriting expert testified that Scott signed all but twelve of the forty-nine returns. According to the expert, no positive identification could be made of the authorship of twelve returns because an effort had been made by the author to disguise his handwriting. A jury trial resulted in Scott's conviction.

## ISSUES

The issues raised on this appeal are: (1) whether the evidence is sufficient to support Scott's convictions; and (2) whether the trial court erred in refusing to sever the tax return counts from the witness intimidation count.

## I

■ Scott argues first that the evidence supporting the counts charging him with filing fraudulent tax returns and the count charging him with intimidating a witness was insufficient to overcome his motion for judgment of acquittal. In determining whether the trial court erred in failing to grant Scott's motion for judgment of acquittal, we must inquire "whether the jury might reasonably conclude that the evidence, viewed in the light most favorable to the prosecution, is inconsistent with every reasonable hypothesis of the accused's innocence." *United States v. Fredericks*, 586 F.2d 470, 474 (5th Cir. 1978), *cert. denied*, 440 U.S. 962, 99 S.Ct. 1507, 59 L.Ed.2d 776, *quoted in, United States v. Black*, 644 F.2d 445, 447 (5th Cir. 1981). Stated another way, we must determine whether the trial court properly performed the following task:

> The District Court must determine whether the relevant evidence, viewed in the light most favorable to the Government, could be accepted by a reasonably-minded jury as adequate and sufficient to

support the conclusion of the defendant's guilt beyond a reasonable doubt. The same test applies whether the evidence is direct or circumstantial. All reasonable inferences which tend to support the Government's case must be accepted. Any conflicts in the evidence must be resolved in the Government's favor.

*United States v. Burns*, 597 F.2d 939, 941 (5th Cir. 1979) (citations omitted). Applying this test, we find that the evidence is sufficient to support Scott's convictions.

A postal worker identified Scott as the person who received a duplicate key to the Arrowood post office box. Government employees observed Scott open the box and after his arrest found the decoy checks in his possession. Additionally, a handwriting expert positively identified the writing on all but twelve of the 1040–A forms as being written by Scott. Although the expert could not positively identify the author of the remaining 1040–A forms, the evidence is also sufficient as to these counts. The remaining twelve 1040–A forms bore the same characteristics as those identified by the handwriting expert. Each claimed an unusual number of exemptions and requested large refunds. All listed WCL Systems, Inc., as the employer. The names and addresses were typed on the same typewriter and all were to be sent to the same post office box. Further, all of the social security numbers began with the digits 417–06. We find that this evidence could be accepted by a reasonably-minded jury as adequate to support Scott's guilt beyond a reasonable doubt.

## II

Scott's argument that the trial court erred in joining the counts charging filing of fraudulent tax returns with the witness intimidation count is in two parts. First, Scott asserts that joinder of the counts is impermissible under Rule 8(a) of the Federal Rules of Criminal Procedure.[4] Second, he argues that even if joinder was proper under Rule 8(a), he was unduly prejudiced by the joint trial of all counts, in violation of Rule 14 of the Federal Rules of Criminal Procedure.[5]

In addressing Scott's two part argument, we note that:

When a trial court consolidates separate indictments for trial, it makes a contract for a simultaneous hurdle of three obstacles. The first is that the offenses charged in the respective indictments could have been joined in a single indictment, Rule 13. The second is that before offenses may be joined in the same indictment they must be of the same or similar character or based on the same act or transaction or if more than one then *connected together* or parts of a common scheme or plan, Rule 8(a). The third obstacle is that the joinder must not prejudice the defense, Rule 14.

*United States v. Park*, 531 F.2d 754, 760 (5th Cir. 1976) (footnotes omitted) (emphasis added).

We proceed to the second of the three obstacles prohibiting joinder. Scott argues that the only provision of Rule 8(a) applicable in this case is the third provision which permits joinder of offenses if they are based "on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Scott asserts that the acts which support the counts charging him with defrauding the government were completed prior to his contact with the potential witness. He argues therefore that any acts committed after the

---

4. Rule 8(a) of the Federal Rules of Criminal Procedure provides:

Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together

or constituting parts of a common scheme or plan.

5. Rule 14 of the Federal Rules of Criminal Procedure provides, in pertinent part:

If it appears that a defendant or the government is prejudiced by a joinder of offenses . . . for trial together, the court may order an election or separate trial of counts . . . or provide whatever other relief justice requires.

returns were filed were pursuant to a different plan or scheme, and were separate and distinct from the plan to defraud the government.

The government, without conceding that section three is the only provision applicable to this case, argues that the tax counts and the witness intimidation count are based on "two or more transactions connected together."

 Before addressing this argument, we note that "[m]isjoinder under rule 8 is a matter of law and completely reviewable on appeal . . . ." *United States v. Park*, 531 F.2d 754, 760 (5th Cir. 1976). Rule 8 is to be broadly construed in favor of initial joinder. *Park*. We find that the tax return counts and the witness intimidation count were based on "two or more transactions connected together." Scott's intimidation of Arrowood was an attempt to escape criminal liability for his conduct charged in the tax return counts. As a result, a direct relationship exists between the tax return counts and the witness intimidation count. *Cf. United States v. Quinones*, 516 F.2d 1309, 1312 (1st Cir.), *cert. denied*, 423 U.S. 852, 96 S.Ct. 97, 46 L.Ed.2d 76 (1975) (joinder of several counts of assault and rape with a single count of escape occurring several days later was proper as offenses connected together because defendant's custody and hence his escape was "a direct result of the happenings charged in the other counts.").

Having found that joinder was proper under Rule 8, we must now determine whether there was sufficient prejudice to require a severance under Rule 14 of the Federal Rules of Civil Procedure.

 "In ruling on a motion for severance, the trial . . . [court] must weigh the likelihood of prejudice against the interest of judicial economy." *United States v. Morris*, 647 F.2d 568, 570 (5th Cir. 1981). The grant or denial of a Rule 14 severance is within the sound discretion of the trial court. *United States v. Morris*, 647 F.2d 568 (5th Cir. 1981). "Because that determination is discretionary, this court will disturb the trial court's ruling only when the

appellant can show that the trial court abused its discretion. . . . In order to demonstrate abuse of discretion, the defendant bears a heavy burden of showing 'specific and compelling' prejudice." 647 F.2d at 570 (quoting *United States v. Morrow*, 537 F.2d 120, 138 (5th Cir. 1976), *cert. denied*, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977)) (footnote omitted).

Scott also argues that the joinder of the tax counts with the witness intimidation count was prejudicial mainly because the government's case for the witness intimidation count was weak, consisting mainly of the testimony of one individual. Scott asserts that the only purpose of the joinder of the tax counts was to bolster the government's case under the witness intimidation count.

The government, on the other hand, argues that no prejudice could have resulted to the defendant by joining the tax counts with the witness intimidation count since evidence relating to the tax counts would have been admissible in a separate trial for the purpose of showing Scott's motive to intimidate Arrowood.

 We agree with the government that the evidence relating to the tax counts would have been admissible in a separate trial to show Scott's motive in intimidating Arrowood. Fed.R.Evid. 404(b). Since this evidence would have been admissible even if the witness intimidation count had been tried alone, no substantial prejudice resulted from joinder. *United States v. Park*, 531 F.2d 754 (5th Cir. 1976). The mere act of joining counts in an indictment, or having multiple counts in an indictment results in some prejudice. Prejudice to this limited degree is anticipated by Rule 8. Furthermore, the trial court charged the jury that each offense and evidence applicable thereto should be considered separately. *See United States v. Morris*, 647 F.2d 568 (5th Cir. 1981). The trial court did not abuse its discretion in refusing to sever the tax counts from the intimidation count.

## CONCLUSION

We hold that the evidence is sufficient to support Scott's convictions for submitting

fraudulent tax returns and intimidating a witness and that the trial court did not err in refusing to sever the tax return counts from the witness intimidation count. Accordingly, we affirm Scott's convictions.

AFFIRMED.