**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**J. A. "Bob" WILKES,
Defendant-Appellant.**

**No. 81–3746.**

United States Court of Appeals,
Fifth Circuit.

Aug. 24, 1982.

Samuel S. Dalton, Jefferson, La., for defendant-appellant.

John P. Volz, U. S. Atty., W. Glenn Burns, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before CLARK, Chief Judge, GEE and GARZA, Circuit Judges.

GEE, Circuit Judge:

Appellant Wilkes, record evidence indicates, developed an unusual and effective method for collecting bad checks and overdue bills. Its distinctive features were that his demands for collection were made on his official stationery—he being a Jefferson Parish justice of the peace—and that they incorporated a threat of arrest in the event that the addressee failed to respond to them "immediately."[1] In due course, however, these features resulted in his indictment for violation of 18 U.S.C. § 876 ("Mailing Threatening Communications"). Despite his theory of defense, that he was merely taking actions permitted by Louisiana law, Wilkes was convicted on two counts. Both involved bill collections, not checks drawn on insufficient funds.[2] Wilkes appeals, asserting as his main point for reversal that the admission of extrinsic evidence of other mailings was improper in view of the fact that he did not dispute the issue of intent. To this contention we now turn.

### Admissibility of Extrinsic Evidence Pursuant to Fed.R.Evid. 404(b)

The district court considered "intent to extort" a critical element of the offense and allowed the government to introduce testimony of appellant's prior unlawful collection practices. The court admitted the testimony of two secretaries, as well as the form letters used in collecting bad debts. Wilkes objected to the admission of this evidence and now contends that its admission was improper and irrelevant to the charge. He first contends that, since he stipulated to his intent in a pretrial stipulation, intent was no longer a relevant or contested issue warranting the admission of the extrinsic evidence. In support he advances *United States v. Ring*, 513 F.2d 1001, 1007–09 (6th Cir. 1975), in which that court ruled that extrinsic evidence was improperly admitted when intent was not a contested issue. The contention is meritless. Among other considerations, and at the threshold, we note that Wilkes' stipulation did not waive the issue of intent. It provided:

> Upon proof by the Government that the letters concerned exist and was received, then and in that event it is stipulated that the defendant was using practices at the time which would have caused the letters to be delivered by the postal department; and

> Such letters would have been delivered with the intent to collect the payment of the debt.

> Nothing in this stipulation shall be construed to mean that such letter contained an accusation of crime.

Read in context, the stipulation does no more than restate appellant's defense that he merely intended to effect collection of a bad debt and did not intend extortion.

The standard for admission of evidence pursuant to Fed.R.Evid. 404(b) requires the application of the two-step test

---

1. The body of his form letter used in the case of checks and also, by means of strikeovers and interlinings, of bills reads:

   This Court is holding a check dated _____ in the amount of $_____ given by you to _____. This check has been returned by your bank as being _____. Restitution is now being demanded. If this Court does not hear from you immediately a warrant for your arrest will be issued.

One of Wilkes' secretaries testified that he retained one-fourth of collections.

2. It is true, as Wilkes contended, that the Louisiana Bad Check Law permits the sending of a demand notice by certified mail to the issuer of a worthless check. L.S.A.–R.S. 14:71. We are unable to discern its application to attempted bill collections, however, such attempts as prompted the mailings by Wilkes that led to his indictment.

enunciated in *United States v. Beechum*, 582 F.2d 898, 910–11 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). *United States v. Satterfield*, 644 F.2d 1092, 1094–95 (5th Cir. 1981) (per curiam). First, it must be determined that the extrinsic evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice. *Id.*

■ Evidence of other crimes, wrongs, or acts can be admitted pursuant to Fed.R. Evid. 404(b) to show a defendant's opportunity, intent, plan, or knowledge. *United States v. Killian*, 639 F.2d 206, 211 (5th Cir.), *cert. denied*, 451 U.S. 1021, 101 S.Ct. 3014, 69 L.Ed.2d 394 (1981), *citing United States v. Witt*, 618 F.2d 283, 286 (5th Cir.), *cert. denied*, 449 U.S. 882, 101 S.Ct. 234, 66 L.Ed.2d 107 (1980). The district court exercises a broad discretion in weighing the probative value of such evidence against possible unfair prejudice. *United States v. de la Torre*, 639 F.2d 245, 250 (5th Cir. 1981) (per curiam). An important factor in its admission is the government's need for the evidence and the availability of other evidence to show motive, intent, or knowledge. *United States v. Benton*, 637 F.2d 1052, 1057 (5th Cir. 1981), *citing United States v. McMahon*, 592 F.2d 871, 875 (5th Cir.), *cert. denied*, 442 U.S. 921, 99 S.Ct. 2847, 61 L.Ed.2d 289 (1979). The prejudicial effect of such evidence may be reduced by elimination of inflammatory or unnecessary details from its presentation and by cautionary instructions from the trial judge. *Id.*

■ At trial the district judge properly analyzed the proffered evidence under *Beechum's* standards. It is clear that appellant's knowledge and intent and not his character were at issue. Appellant's intent, moreover, a necessary element of the crime charged, was difficult to prove. *See McMahon*, 592 F.2d at 875–76. Thus, in view of the probative value of the evidence, its limited use, and the judge's cautionary instruction to the jury upon its admission that it was to be considered solely as going to Wilkes' motive or intent, the district judge did not abuse his discretion in admitting the evidence.

### Denial of Defendant's Requested Instructions, "Wrongfulness"

■ The trial court did not submit several of Wilkes' requested instructions because he concluded that, while they correctly stated the law, they were irrelevant. Those instructions discuss the nature of the crime of theft under Louisiana law and the definition of probable cause. They were irrelevant because even assuming the commission of a crime and the existence of probable cause for arrest, a Louisiana justice of the peace may not, on his own initiative, issue an arrest warrant. An affidavit furnishing a basis for determination of probable cause is a necessary prerequisite. The trial judge decided that Wilkes proceeded illegally in sending the threatening letters because he lacked such an affidavit. In this he was correct, and it follows that the substance of the requested instructions was indeed irrelevant.

■ A necessary element of the offense of extortion is that the threat to accuse have been "wrongful," and it is true that the charge does not so state explicitly. It does, however, require that the threat have been "willfully" made, defining *willful* as incorporating a "bad purpose either to disobey or to disregard the law." We conclude that this amply sufficed under the circumstances, no objection to the charge on this ground having been made, and the error, if any, being therefore noticeable by us only if "plain." [3]

### Conclusion

Wilkes argues somewhat perfunctorily that the evidence was insufficient to sup-

---

**3.** Such an error must be either obvious—in the sense that it should have been apparent without having been called to the attention of the court by objection—or such as to seriously affect the fairness, integrity, or public reputation of the proceeding. *United States v. Atkinson*, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555 (1936). Plainly, this was not.

port his conviction. Inspection of the record reveals, however, that it was; and since for the reasons stated his other points for reversal are without merit, the judgment is

AFFIRMED.