**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jamiel Alexander CHAGRA, a/k/a Jimmy Chagra, Defendant-Appellant.**

**No. 83–1278.**

United States Court of Appeals, Fifth Circuit.

Feb. 15, 1985.

Edward C. Prado, U.S. Atty.; LeRoy Morgan Jahn, W. Ray Jahn, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GEE, REAVLEY and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Jamiel "Jimmy" Chagra was charged in a four-count indictment with: (I) conspiracy to murder a federal judge on account of his performance of official duties (18 U.S.C. §§ 1111, 1114, 1117), (II) murder of a federal judge on account of his performance of official duties (18 U.S.C. §§ 1111, 1114), (III) conspiracy to obstruct justice (18 U.S.C. §§ 371, 1503), and (IV) conspiracy to possess marijuana with intent to distribute (21 U.S.C. §§ 841(a)(1), 846). A jury acquitted Chagra on counts I and II and convicted him on counts III and IV. Chagra contends that his conviction should be reversed because of improper and prejudicial joinder of the offenses and improper admission of evidence in violation of the minimization requirements of 18 U.S.C. § 2518(5). Finding no merit in these contentions, we affirm.

### I.

The charges against Jimmy Chagra stem from the murder of United States District Judge John Wood, before whom Chagra was to stand trial on federal drug offenses.[1] Following the decision of appellant's brother, Joseph Chagra, to cooperate with law enforcement authorities and testify to the activities of Elizabeth Chagra and Charles and Jo Ann Harrelson, appellant Jimmy Chagra requested and obtained a severance of his trial from that of his co-defendants. Chagra also sought a severance that would require three separate trials of the charges against him, one trial on

Oscar B. Goodman, Annette R. Quintana (court appointed), Las Vegas, Nev., for defendant-appellant.

---

1. The circumstances surrounding the murder and the attendant conspiracy to obstruct the prosecution of those responsible are set forth at length in companion opinions to the instant appeal and need not be repeated here. See *United States v. Harrelson,* —— F.2d —— (5th Cir.1985); *United States v. Harrelson,* —— F.2d —— (5th Cir.1985); *United States v. Chagra,* —— F.2d —— (5th Cir.1985).

counts I and II and separate trials on counts III and IV, on grounds of improper joinder under Fed.R.Crim.P. 8(a) and prejudicial joinder under Fed.R.Crim.P. 14.

 Fed.R.Crim.P. 8(a) permits the joinder of two or more offenses in a single indictment if the offenses "are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Although a claim of misjoinder under Rule 8(a) is completely reviewable on appeal as a legal question, the rule is to be construed broadly in favor of initial joinder. *United States v. Hamilton,* 694 F.2d 398, 400 (5th Cir.1982). Generally, the propriety of joinder under Rule 8 is to be judged from the allegations of the indictment, which for these purposes are assumed to be true. *See Schaffer v. United States,* 362 U.S. 511, 514, 80 S.Ct. 945, 947, 4 L.Ed.2d 921 (1960); *United States v. Salinas,* 601 F.2d 1279, 1292 (5th Cir.1979), *modified* 610 F.2d 250 (5th Cir.1980). The fact that a jury eventually acquits the defendant of one or more of the joined offenses does not detract from the propriety of the initial joinder.

The government contends that joinder of all four counts was proper under Rule 8(a) because all of the offenses are related. The government argues that Chagra planned and participated in Judge Wood's murder to avoid facing Judge Wood in a trial on drug offenses; when the murder investigation began to focus on Chagra, he attempted to obstruct that investigation and also planned a large sale of marijuana to finance a jail break to avoid punishment for the murder.

[3, 4] An indictment states a common scheme under Rule 8(a) when it alleges that a defendant has attempted to escape liability for one criminal offense through the commission of others.[2] Under this principle, Chagra's alleged participation in the conspiracy to murder, the murder, and the obstruction of justice and drug trafficking conspiracies were all parts of a single plan to murder Judge Wood and avoid punishment for the murder. The district court therefore properly denied Chagra's motion for a Rule 8(a) severance.

Chagra contends that even if initial joinder was proper, a severance for prejudice should have been granted under Fed.R. Crim.P. 14.[3] Chagra argues that the evidence admitted to prove the charges related to Judge Wood's murder was irrelevant to proof of the obstruction of justice and drug trafficking charges and the highly inflammatory nature of the proof related to the murder seriously prejudiced his ability to defend counts III and IV.

 The decision to grant or deny a motion for severance under Rule 14 is committed to the broad discretion of the trial court. *United States v. Webster,* 734 F.2d 1048, 1052 (5th Cir.1984), *petition for cert. filed.* To demonstrate an abuse of discretion, "the defendant bears a heavy burden of showing 'specific and compelling' prejudice", *United States v. Scott,* 659 F.2d 585, 589 (5th Cir.1981), *cert. denied,* 459 U.S. 854, 103 S.Ct. 121, 74 L.Ed.2d 105 (1982), resulting in an "unfair trial", *Webster,* 734 F.2d at 1052.

The government contends that Chagra suffered no prejudice from the denial of his motion to sever because evidence of Chagra's involvement in Judge Wood's murder would have been admissible under Fed.R. Evid. 404(b)[4] to show motive and intent in separate trials on Counts III and IV.

**2.** *See United States v. Scott,* 659 F.2d 585, 589 (5th Cir.1981), *cert. denied,* 459 U.S. 854, 103 S.Ct. 121, 74 L.Ed.2d 105 (1982); *United States v. Forrest,* 623 F.2d 1107, 1114–15 (5th Cir.), *cert. denied,* 449 U.S. 924, 101 S.Ct. 327, 66 L.Ed.2d 153 (1980).

**3.** Rule 14. Relief from Prejudicial Joinder
If it appears that a defendant or the government is prejudiced by a joinder of offenses or

of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. Fed.R.Crim.P. 14.

**4.** Fed.R.Evid. 404(b) provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a

■ Evidence of "extrinsic acts" may be admitted pursuant to Rule 404(b) upon two conditions: "First, it must be determined that the extrinsic evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice." *United States v. Wilkes*, 685 F.2d 135, 137–138 (5th Cir.1982); *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). Evidence of Chagra's involvement in the Wood murder suggested far more than Chagra's bad character. This evidence directly established a compelling motive for Chagra's efforts to obstruct the murder investigation and sell drugs to finance his escape from prison. This extrinsic evidence was especially probative in light of Chagra's defense that his incriminating statements of plans to escape punishment were nothing more than verbalized dreams and should not have been considered as evidence of a serious intent to engage in criminal conduct. Evidence of Chagra's involvement in the plan to murder Judge Wood—whether offered to convict of murder and conspiracy to murder or to show motive and intent to commit the offenses charged in counts III and IV—undoubtedly placed Chagra in a bad light before the jury. Evidence is not unfairly prejudicial, however, simply because it convincingly incriminates the accused. We have no doubt that if counts III and IV had been severed and each tried separately from the murder and conspiracy to murder counts, it would have been well within the discretion of the trial judge under Fed.R. Evid. 404(b) to admit in each of these trials the evidence of Chagra's participation in the scheme to murder Judge Wood.[5] Hence, the trial court did not abuse its discretion in denying Chagra's Rule 14 motion to sever.[6]

## II.

■ Chagra moved to suppress evidence of electronically intercepted conversations between Chagra, his wife and brother relative to obstructing the Wood murder investigation and selling marijuana to finance a jail break. Chagra contends that FBI agents failed to minimize the interception of privileged communications as required by 18 U.S.C. § 2518(5).[7] We rejected this same argument in *United States v. Harrelson*, 754 F.2d 1153 at 1169 (5th Cir.1985), and reject it here for the same reasons. The trial court properly admitted the conversations into evidence.

The judgment of conviction is AFFIRMED.

---

person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

5. Chagra also contends that the facts underlying the obstruction of justice and drug trafficking charges were unrelated and that he suffered unfair prejudice when the court declined to sever these charges and permitted a single jury to hear all evidence related to both charges. Counts III and IV charged conspiracies designed to avoid punishment for Judge Wood's murder. Evidence that Chagra committed the acts charged in one of these counts was clearly probative of his intent to commit the other. Chagra's contention is therefore meritless.

6. We also find no merit in Chagra's contention that the trial court's refusal to sever the counts resulted in a denial of the right to due process guaranteed by the fifth amendment.

7. 18 U.S.C. § 2518(5) provides in pertinent part: "Every order [authorizing interception] and extension thereof shall contain a provision that the authorization to intercept ... shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter, ...."