**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Douglas Jack DAVIS, Defendant-Appellant.**

Nos. 84–9021, 85–8250.

United States Court of Appeals, Eleventh Circuit.

Oct. 15, 1985.

Alan J. Baverman, Atlanta, Ga., for defendant-appellant.

Wilmer Parker III, Atlanta, Ga., for plaintiff-appellee.

Before RONEY, HILL and ANDERSON, Circuit Judges.

RONEY, Circuit Judge:

Douglas Jack Davis appeals his conviction on two cocaine violations, possession and conspiracy, 21 U.S.C.A. §§ 841(a)(1) and 846; 18 U.S.C.A. § 2, and one count of aiding and abetting a convicted felon in the unlawful receipt of a firearm, 18 U.S.C.A. §§ 2 and 922(h).

Although presenting an issue not precisely addressed by this Circuit before, the district court did not err in refusing to inquire into and excluding evidence concerning the constitutional validity of the underlying felony conviction upon which the firearms count was based. In *United States v. Lewis*, 445 U.S. 55, 67, 100 S.Ct. 915, 922, 63 L.Ed.2d 198 (1980), the Su-

preme Court held that a firearms violation of this type "does not open the predicate conviction to a new form of collateral attack" during the firearms proceeding.

As a matter of statutory interpretation, the Supreme Court held that Congress intended that a defendant clear his status *before* obtaining a firearm and he is not allowed to question the validity of the prior felony conviction as a defense to the firearms charge. *Lewis,* 445 U.S. at 64, 100 S.Ct. at 920. *Lewis* forecloses any contention that the case defendant relies upon, *Dameron v. United States,* 488 F.2d 724 (5th Cir.1974) (involving section 922(g)(1)), decided prior to *Lewis* and cited therein, retains any vitality for the proposition that a collateral attack on the underlying conviction is permissible as a defense in a subsequent firearms prosecution. *Lewis,* 445 U.S. at 59, 100 S.Ct. at 918 (stating that "[t]he identical issue that is presented in this case [involving 18 U.S.C.App. § 1202(a)(1), as amended], has also arisen in the context of challenges to convictions under 18 U.S.C. § 922(g)(1) ... and § 922(h)(1) ..."). *Id.* at 58–9 n. 4, 100 S.Ct. at 917–18 n. 4.

Because the convicted felon himself cannot challenge the validity of his own predicate offense against the firearms charge, neither can one charged as an aider and abettor to that crime. As to either, the object of the statute is the same: to prevent felons from obtaining firearms until their status is actually cleared.

██ As to the contention that the cocaine counts and the gun count should have been severed for separate trials, we hold the gun count was not *required* to be severed from the cocaine count as a misjoinder under Fed.R.Crim.P. 8. While the Government must show that initial joinder was proper under Rule 8, *United States v. Montes-Cardenas,* 746 F.2d 771, 776 (11th Cir.1984), that rule is broadly construed in favor of the initial joinder. *Id.; United States v. Scott,* 659 F.2d 585, 589 (5th Cir. Unit B. 1981), *cert. denied,* 459 U.S. 854, 103 S.Ct. 121, 74 L.Ed.2d 105 (1982). This Court has consistently held that guns are tools of the drug trade and that joinder of weapons charges with charges of narcotics violations is not improper. *United States v. Alvarez,* 755 F.2d 830, 849 (11th Cir. 1985) (drug trafficking is by nature violent); *Montes-Cardenas,* 746 F.2d at 776. Although *Montes-Cardenas* did not decide it would be proper to join drug and gun charges arising in completely different factual contexts, since here Davis gave the gun to his co-conspirator and it was subsequently found in the co-defendant's room with drugs and other weapons, the charges do not arise from sufficiently distinct factual contexts to necessitate resolution of the issue saved in *Montes-Cardenas. Montes-Cardenas,* 746 F.2d at 777 n. 11.

As to Fed.R.Crim.P. 14, which permits severance if the defendant is prejudiced by a joinder of offenses, the trial court did not abuse its discretion in refusing to order a severance. *United States v. O'Malley,* 707 F.2d 1240, 1250 (11th Cir.1983). A review of the record reveals no clear prejudice as a result of the joinder of these counts. *Montes-Cardenas,* 746 F.2d at 776; *United States v. Benz,* 740 F.2d 903, 911 (11th Cir.1984); *O'Malley,* 707 F.2d at 1250.

The points concerning the refusal to exclude a juror and the refusal to grant a new trial for "newly discovered" evidence are affirmed without opinion under our Circuit Rule 25. The Government's brief adequately informs the defendant of the reasons why his arguments do not merit relief from his convictions.

AFFIRMED.