**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Victor CABRERA, Defendant-Appellant.**

No. 85–5584

**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 15, 1986.

Leonard Rosenberg, Miami, Fla., for defendant-appellant.

Lawrence Stern, Sharon L. Kegerreis, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Cabrera was convicted of receipt by a felon of a firearm that had been transported in interstate and foreign commerce, 18 U.S.C. §§ 922(h)(1) and 922(a).

Previously Cabrera was convicted in state court of a felony of cocaine possession. He pleaded guilty, and the trial court accepted and entered an order "withholding adjudication."[1]

After his indictment on the federal charge and before trial the state court vacated Cabrera's underlying felony conviction. At the federal trial Cabrera sought to introduce evidence of this vacation, and

---

**1.** This constitutes a conviction under 18 U.S.C. § 922, and Cabrera does not contend otherwise. *Dickerson v. New Banner Institute Inc.,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983); *U.S. v. Garcia,* 727 F.2d 1028 (11th Cir.1984).

the court sustained the government's objection to the evidence as immaterial since the state court conviction, and the order withholding adjudication, were in effect when Cabrera purchased the gun.

 Whether one is convicted within the language of the Act is a question of federal law even if the underlying offense and punishment are defined by state law. *Dickerson v. New Banner Institute Inc.,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1985).

 The district court was correct. The cases make clear that one who is or has been a convicted felon must clear his status, if it is unclear, before buying a firearm. *Lewis v. U.S.,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). *Lewis* was a conviction under 18 U.S.C.App. § 1202(a). *U.S. v. Davis,* 773 F.2d 1180 (11th Cir.1985) applied *Lewis* to a conviction under § 922(h). More recently the Supreme Court addressed the issue of whether expunging a state conviction can release a felon from the possibility of conviction under § 922(h)(1). *Dickerson v. New Banner Institute Inc., supra.* Although *Dickerson* had his conviction expunged pursuant to state law, the expunction did not alter the "historical fact of the conviction." And he had not followed available federal procedures for removing the federal firearms disability. See 18 U.S.C. § 925(c).

What Cabrera did, and all he did, was, after indictment and arrest, secure an order of the state court vacating the predicate offense. This is not enough.[2]

Cabrera contends that *Lewis* and *Dickerson* should be extended to a conviction vacated after the firearm was received or possessed. The plain language of the Act and the principles laid out in *Lewis, Dickerson* and *Davis* show that expunction of the underlying conviction after the purchase of the firearm has no effect on a conviction for § 922(h) purposes.

AFFIRMED.

---

**2.** Vacation or reversal on a direct appeal of the conviction does eliminate the conviction as a

predicate offense. *Lewis, supra.*