REVISED – March 15, 1999

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30168

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN B. RICHARDSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Louisiana

_____

March 1, 1999

Before JOLLY, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

In this appeal, Allen B. Richardson first challenges the sufficiency of the evidence supporting his drug conspiracy conviction. Richardson next contends that his convictions for the three counts of possession of a firearm, and the one count of making a false claim in acquiring a firearm should be reversed because he was not prohibited from possessing a firearm under federal law. Finally, Richardson seeks reversal of all of his convictions (including the counts for drug possession and distribution, and the possession of a firearm with an obliterated

serial number) on the grounds that the district court erred in admitting the extrinsic evidence of his numerous other uncharged crimes.  We affirm each of Richardson's judgments of conviction.

I

On January 15, 1997, a jury found Richardson guilty of every count of a nine-count indictment handed down by the grand jury on October 10, 1996.  The jury convicted Richardson of conspiring to distribute cocaine base with known and unknown persons from January 1, 1994 until August 30, 1996.[1]  Regarding the firearm charges, the jury found Richardson guilty of three counts of possession of a firearm by a convicted felon,[2] and one count of making a false claim in acquiring a firearm.[3]  Specifically, Richardson was convicted of the unlawful possession of a Glock Model 17 9mm semiautomatic pistol on January 19, 1995, a Remington Model 207 30/30 rifle on February 22, 1995, and a RG Model 25 .22 caliber revolver on August 19, 1995.  The Glock 9mm also formed the basis of Richardson's conviction for making a

---

[1]21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

[2]18 U.S.C. §§ 922(g)(1) and 924(a)(2). Previously, on June 18, 1984, Richardson was convicted in Louisiana state court of the possession of marijuana with the intent to distribute. Richardson received a suspended sentence of five years hard labor, was placed on five years probation, and was fined $2,500. On June 18, 1989, Richardson received a first offender pardon from the state of Louisiana under La. Rev. Stat. Ann. § 15:572.

[3]18 U.S.C. §§ 922 (a)(6) and 924 (a)(2).

false claim in acquiring a firearm on November 21, 1994. The jury further found Richardson guilty of one count of possession of a firearm with an obliterated serial number, namely, the .22 revolver on August 19, 1995.[4] Richardson's remaining convictions included one count of distributing four pieces of cocaine base on March 6, 1995,[5] and two counts of possession with intent to distribute cocaine base.[6] The respective dates for the two counts of possession with intent to distribute are March 6, 1995, and April 4, 1995.

On appeal, Richardson argues there is insufficient evidence to support his conviction for the conspiracy to distribute cocaine base because the government only presented evidence of his buyer/seller relationships with Bryan Leleux, Grady Jones, and Donald Matthews. Second, Richardson contends that his convictions under § 922(g)(1) for the three counts of possession of a firearm should be reversed on the grounds that his possession of the firearms was not unlawful because he has no prior felony conviction as defined under § 921(a)(20)(B).[7]

---

[4]18 U.S.C. §§ 922(k) and 924(a)(1)(B).

[5]21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

[6]21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

[7]Other than his argument that each of his judgments of conviction should be reversed on the grounds that his trial was tainted with unfair prejudice, Richardson does not specifically

3

Richardson next argues that his conviction under § 922(a)(6) for making a false claim in acquiring a firearm should be reversed. To support this argument, Richardson bootstraps it to his previous argument. Richardson contends that he was not prohibited from possessing a firearm under federal law, and, thus, under § 922(a)(6), his representation on the federal AFT Form 4473 that he was not a convicted felon was not material to the lawfulness of sale. Richardson's final argument on appeal is that the district court committed plain error when it admitted extrinsic evidence of the numerous other uncharged crimes that he committed, and therefore all nine of his convictions should be reversed. Richardson did not object to the admission of the evidence at trial, but now contends that the evidence was admitted in violation of Fed.R.Evid. 404(b), and was unfairly prejudicial under Fed.R.Evid. 403.

It is clear to us that when viewing the evidence in the light most favorable to the verdict, the sufficiency of the evidence supports the conspiracy charge.[8] Similarly,

---

appeal his conviction for the possession of the .22 revolver with an obliterated serial number.

[8]Richardson ignores the substantial evidence, in addition to the proof of his buyer/seller relationships, that supports the conspiracy charge. Matthews testified that during a couple of his drug transactions, he would drive up to Richardson's home, and "someone" other than Richardson would run out to meet him to assist in the sale. During a March 5, 1995 drug raid on

4

Richardson's argument under § 922(a)(6) that his false representation on the federal ATF Form 4473 was not material to the lawfulness of the sale is obviously meritless, in the light of our determination that he is a felon for purposes of the federal statute.  Furthermore, the district court committed no plain error in admitting the evidence of Richardson's numerous other uncharged crimes.[9]  We therefore turn to address what we

Richardson's home, where Richardson was found in possession of forty-seven rocks of crack cocaine, an unidentified black male also fled the scene.  During the April 4, 1995 drug raid on Richardson's home, yet another third person was present, but this time handcuffed at the scene.  Richardson was caught with a quarter of a "cookie" of crack cocaine, and 103 rocks of the drug, which were "just cooked up."  [1 Supp. R. 152].  Finally, Richardson was in the company of others at a Morris, Louisiana residence on January 19, 1995, where again crack cocaine was found in the home, and also in Richardson's car.  Clearly, the totality of this evidence allowed the jury to find Richardson guilty of the conspiracy to distribute cocaine base beyond a reasonable doubt.

[9]On appeal, Richardson lists the numerous crimes that he now challenges as evidence improperly admitted into evidence under Fed.R.Evid. 404(b) and Fed.R.Evid. 403.  Because Richardson did not object to the admission of the evidence at trial, we review for plain error.  United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc), abrogated in part by Johnson v. United States, 117 S.Ct. 1544, 1549 (1997).  Under the plain error standard, forfeited errors are subject to review only where they are "obvious," "clear," or "readily apparent," and they affect the defendant's substantial rights.  Id. at 162-63 (citations omitted).  Even then, we will not exercise our discretion to correct the forfeited errors unless they "seriously affect the fairness, integrity, or public reputation of the judicial proceeding."  Id. at 164 (citations omitted); United States v. Clements, 73 F.3d 1330, 1337 (5th Cir. 1996)(citations omitted).  Applying these standards to the record before us, we do not find that the admission of the evidence of Richardson's repeated drug

consider to be the only serious issue presented in this appeal.

## II

### A

Richardson argues that his convictions on the three counts of possession of a firearm must be reversed because he has no prior felony conviction as defined in § 921(a)(20)(B). Richardson contends that his June 18, 1984 Louisiana state

---

sales to Leleux, Jones, and Matthews constituted plain error. See United States v. Misher, 99 F.3d 664, 670-71 (5th Cir.), cert. denied, 118 S.Ct. 73 (1997) (citations omitted). Even under the more stringent standard of abuse of discretion, we have frequently held that evidence of the defendant's extrinsic drug offenses is admissible, and that the probative value of such evidence is not substantially outweighed by its prejudicial effect. Id.; United States v. Wilwright, 56 F.3d 586, 589 (5th Cir.), cert. denied, 116 S.Ct. 345 (1995) (citing cases); United States v. Bermea, 30 F.3d 1539, 1562 (5th Cir.), cert. denied, 115 S.Ct. 1113 (1995) (citing cases). Regarding the remaining evidence of Richardson's several other uncharged crimes, we cannot say that Richardson's characterization of these crimes as extrinsic evidence is so clearly correct under this circuit's law that the district court's error in admitting the proof is "readily apparent." After a careful review of the record, we are satisfied that it is not readily apparent that the evidence of these uncharged crimes did not "[arise] out of the same transaction," was not "part of a single criminal episode," nor was "inextricably intertwined" with the evidence of Richardson's charged offenses. See Clements, 73 F.3d at 1337; United States v. Kloock, 652 F.3d 492, 494 (5th Cir. 1981). Therefore, we cannot say that the evidence falls within the proscription of Fed.R.Evid. 404(b). Even if we assumed error on the part of the district court, Richardson cannot show that the admission of this evidence prejudiced his substantial rights, much less that it "seriously affected the fairness, integrity, or public reputation" of his trial, so as to warrant reversal of all nine of his convictions. Calverley, 37 F.3d at 164. Accordingly, Richardson has not shown plain error with respect to the admission of this evidence.

conviction cannot serve as a predicate felony because on June 18, 1989, he received a first offender pardon for the conviction. Richardson argues that the pardon contained no provisions that restricted his right to possess firearms, but, instead, the pardon provided that all of his rights of citizenship were restored in Louisiana. Richardson concedes, however, that a letter included in his packet issued by the State of Louisiana further provided, in accordance with La. Rev. Stat. Ann. § 14:95.1, that the pardon did not restore his right to receive, possess, or transport a firearm, and that such right would be automatically restored in ten years from the date that Richardson completed his sentence. Nonetheless, Richardson argues that although he was not permitted to possess a gun under Louisiana state law, this prohibition does not extend to federal law because the restriction on his right to possess firearms did not appear in the pardon document itself, as required by § 921(a)(20)(B).

B

Under § 922(g)(1), it is unlawful for anyone "who has been convicted in any court of a crime punishable for a term exceeding one year . . . [to] possess . . . any firearm . . . which has been shipped or transported in interstate commerce." 18 U.S.C. § 922(g)(1) (1988 & Supp. 1992). Section § 922(g)(1), however,

7

is to be read in the light of § 921(a)(20)(B), which defines the phrase "conviction of a crime punishable for a term exceeding one year" for the purposes of § 922(g)(1). Section 921(a)(20)(B) provides that:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, *unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.*

18 U.S.C. § 921(a)(20)(B) (Supp. 1992). (Emphasis added.)

Essentially, § 921(a)(20)(B) was enacted "to give federal effect to state statutes that fully restore the civil rights of convicted felons when they are released from prison, or are granted a pardon, or have their convictions expunged." United States v. Thomas, 991 F.2d 206, 209 (5th Cir.), cert. denied, 510 U.S. 1014 (1993). See also United States v. Dupaquier, 74 F.3d 615, 617 (5th Cir. 1996).

Applying this statutory language and purpose to the case before us, we reject Richardson's argument that for the purposes of interpreting § 921(a)(20(B), the notice of the firearm prohibition must actually appear on the face of the pardon. The plain language of § 921(a)(20)(B) makes clear that if a state

8

pardon "expressly provides" that a person may not possess a firearm, then the pardon does not otherwise relieve a defendant of criminal liability under § 922(g)(1). Richardson does not dispute that a letter, which was a part of the packet he received, further provided that "since your conviction involved an offense outlined in [La. Rev. Stat. Ann. § 14:95.1], <u>this pardon</u> does not restore the right to receive, possess, or transport a firearm as per this [§ 1495]. This right will automatically be restored ten years from the date your sentence was completed."[10] It is thus clear that the State of Louisiana expressly limited the scope of Richardson's pardon and, hence, the restoration of his civil rights under state law vis-à-vis firearms. Therefore, it seems to us that the addendum setting out the conditions of the pardon, which was included in the packet given to Richardson, is actually a part of the pardon itself.

In any event, we read § 921(a)(20)(B) to require no more than that the state issuing the pardon expressly give notice to the person being pardoned that the terms of the pardon prohibit him from "ship[ping], transport[ing], possess[ing], or receiv[ing] firearms." See Thomas, 991 F.2d at 213 ("a state must tell a felon that [firearms] are not kosher"). There is no

---

[10][1 Supp. R. 27]. (Emphasis added.)

9

question that Richardson was actually notified that his pardon was restricted, and that his right to possess firearms would not be restored under Louisiana law until ten years after the completion of his sentence.  It is further clear from the record that this ten-year period had not elapsed when Richardson was found in possession of the Glock 9mm, the Remington rifle, and the .22 revolver. Therefore, Richardson's prior state felony conviction constituted a "conviction" for the purposes of § 921(a)(20)(B), and thus a predicate felony for the purposes of § 922(g)(1).

Accordingly, Richardson's convictions on the three counts of possession of a firearm, as well as all other convictions, are

A F F I R M E D.