United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40802
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

GREGG CHARLES LAXEY,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CR-131-1
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Gregg Charles Laxey appeals his conviction and sentence for

being a felon in possession of a firearm.  Laxey raises five

issues on appeal.

     First, Laxey argues that the evidence is insufficient.

Specifically, he urges that the Government did not prove his

status as a felon because he received a first-time offender

pardon.  Laxey's pardon excluded the right to receive, possess,

and transport a firearm, thus making Laxey a prohibited person

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for the purposes of § 922(g)(1).  See United States v.
Richardson, 168 F.3d 836, 839-40 (5th Cir. 1999).  Laxey urges
that the Government did not prove that he knowingly possessed the
firearm, as only one witness saw Laxey momentarily touch the
firearm.  Our review of the record indicates that the evidence
was sufficient.  See United States v. Pankhurst, 118 F.3d 345,
352-53 (5th Cir. 1997).

Laxey urges that the district court abused its discretion by
instructing the jury on momentary possession.  There was no abuse
of discretion, as the district court's instructions fairly and
accurately reflected the law and covered the issues presented in
the case.  See United States v. Chaney, 964 F.2d 437, 444 (5th
Cir. 1992).

Laxey next asserts that the district court erred in denying
his motion to dismiss the indictment on grounds that the
prosecution was a sham and constituted double jeopardy and
selective and vindictive prosecution.  First, Laxey has not shown
that the federal prosecution was a sham meant to vindicate the
interests of the state of Texas.  See United States v. Angleton,
314 F.3d 767, 773 (5th Cir. 2002).  Second, Laxey has not shown
selective prosecution, as he has not rebutted the presumption of
regularity supporting the Government's decision to prosecute.
United States v. Jennings, 724 F.2d 436, 445 (5th Cir. 1984).  He
has neither made a prima facie showing that he was singled out
for prosecution while others similarly situated who committed the

same crime were not prosecuted nor demonstrated that the prosecution was constitutionally invidious in that it rested upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.  See id. Finally, Laxey's bare allegation that the Government engaged in vindictive prosecution because he exercised his right to deferred adjudicated probation under Texas law is not sufficient to support a vindictive prosecution claim.  See Neal v. Cain, 141 F.3d 207, 214 (5th Cir. 1998).  This is especially so in light of the fact that the two prosecutions were brought by separate sovereigns.  See United States v. Johnson, 91 F.3d 695, 697 (5th Cir. 1996).

Laxey argues that the district court erred in finding that his prior offenses qualified him to be sentenced as a career offender pursuant to U.S.S.G. § 4B1.4 or 18 U.S.C. § 924(e).  The PSR indicated that Laxey's three prior distribution offenses were "committed on occasions different from one another" and thus were separate offenses that qualified him to be sentenced as a career offender.  See United States v. Ressler, 54 F.3d 257, 259-60 (5th Cir. 1995).

Finally, Laxey argues that he should not have been sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because he was not indicted under that act and the jury was not required to find beyond a reasonable doubt the qualifying prior convictions.  Laxey concedes that his argument is foreclosed by

circuit precedent, see <u>United States v. Stone</u>, 306 F.3d 241, 243 (5th Cir. 2002), and he is raising the issue solely to preserve it for possible further review.

AFFIRMED.