United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-30780

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**TORREY S. SCOTT, also known as Torrey Scott,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Eastern District of Louisiana
(2:05-CR-206)**

Before HIGGINBOTHAM, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

On numerous bases, Torrey Scott challenges his conviction for possessing firearms, body armor, and a substance containing cocaine base. **AFFIRMED.**

I.

In 2005, having been advised that an individual named "Tory" had stockpiled weapons inside a nightclub and was preparing to move them, Officers arrived and observed Scott: exit the nightclub into

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an adjacent alley; place a short-barreled shotgun in a hole in the wall of an adjacent structure; and return inside.

Officers arrested Scott for possessing that firearm and found: four additional firearms in the hole; another loaded firearm and an FBI-inscribed bullet-proof vest close to Scott's seat in the nightclub; and, pursuant to a search incident to the arrest, a plastic bag containing a substance resembling crack cocaine in Scott's clothing.

Scott was initially charged on 1 July 2005. His trial, however, was twice continued, pursuant to 18 U.S.C. § 3161(h)(8)(A) (governing ends-of-justice continuances), upon motion by his newly-appointed counsel and, subsequently, due to Hurricane Katrina.

On 4 November 2005, Scott was charged by superseding indictment with possession of: various firearms, including a Rohm .38 caliber pistol, by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); an unregistered short-barreled shotgun, in violation of 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871; body armor, having been convicted previously of a crime-of-violence felony, in violation of 18 U.S.C. § 931; and a substance containing cocaine base, in violation of 21 U.S.C. § 844(a).

Scott's trial commenced on 30 January 2006, the district court's having, on the Government's motion, granted a third ends-of-justice continuance. A jury found Scott guilty on all counts. He was sentenced, *inter alia*, to 71 months' imprisonment.

2

II.

Scott presents numerous contentions.  Each fails.

A.

Scott raises various constitutional challenges to his statutes of conviction for firearm and body-armor possession.  Of course, the constitutionality of a federal statute is reviewed *de novo*. *E.g.*, **United States v. Patterson**, 431 F.3d 832, 835 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 2043 (2006).

1.

For his firearm-possession convictions, Scott's challenges based on the Commerce Clause, Tenth Amendment, and Equal Protection Clause, and his Second Amendment challenge to § 922(g)(1), are foreclosed.  *See* **United States v. Everist**, 368 F.3d 517, 519 & n.3 (5th Cir. 2004); **United States v. Darrington**, 351 F.3d 632, 634-35 (5th Cir. 2003).  Scott concedes as much, raising the issues only to preserve their possible further review.  Scott's Second Amendment challenge to 26 U.S.C. § 5861(d) also fails.  *See* **United States v. Emerson**, 270 F.3d 203, 261 (5th Cir. 2001).

2.

Regarding his body-armor-possession conviction, Scott's Commerce Clause, Tenth Amendment, and Equal Protection Clause challenges to 18 U.S.C. § 931 are unavailing.  *See* **United States v. Patton**, 451 F.3d 615, 634-36 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 1247 (2007); **Darrington**, 351 F.3d at 634-35.

3

B.

Relying on *Ex Parte Garland*, 71 U.S. 333 (1866), Scott contends his first-offender pardon under Louisiana law, LA. REV. STAT. § 15:572, which specifically excepted the right to receive, possess, or transport a firearm, precludes his body-armor-possession conviction. This contention, for which we have plenary review, *see, e.g.*, *United States v. Daugherty*, 264 F.3d 513, 514 (5th Cir. 2001), fails. *See* *United States v. Richardson*, 168 F.3d 836, 839-40 (5th Cir. 1999); *State v. Adams*, 355 So.2d 917, 921-22 (La. 1978).

C.

Scott claims violations of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, contending: the superseding indictment should have been dismissed for undue delay because the district court did not make on-the-record findings in granting the Government the third ends-of-justice continuance and, therefore, more than 70 unexcluded days passed during the 213-day period between his initial indictment and trial, *see id.* § 3161(c)(1); *Zedner v. United States*, 126 S. Ct. 1976, 1989 (2006); and, alternatively, because he was not charged with possessing the Rohm .38 caliber pistol within 30 days of his arrest, that count should have been dismissed, *see* 18 U.S.C. § 3161(b). Regarding a district court's Speedy Trial Act ruling, legal conclusions are reviewed *de novo*; factual findings, for clear

4

error.  *E.g.*, **United States v. Bieganowski**, 313 F.3d 264, 281 (5th Cir. 2002).

As Scott concedes, 100 days of the indictment-to-trial period, related to various motions by his counsel and the Hurricane-Katrina-related continuance, are excludable from the speedy-trial clock.  Moreover, in granting the challenged third (ends-of-justice) continuance, the district court referenced the Government's motion and tracked the language of § 3161(h)(8)(A), (B)(i).  Accordingly, that continuance is also excludable.  *See* **United States v. Brickey**, 289 F.3d 1144, 1150-51 (9th Cir. 2002); **United States v. Mitchell**, 723 F.2d 1040, 1044 (1st Cir. 1983).  As Scott's alternative contention concerning the .38-caliber-pistol possession count fails, *see* **United States v. Phipps**, 319 F.3d 177, 182 (5th Cir. 2003) (noting if defendant is not indicted within 30 days of arrest, Speedy Trial Act requires dismissal only of an offense charged in the original complaint), denial of his § 3162(a)(2) motion to dismiss was proper.

D.

For his cocaine-base-possession conviction, Scott claims, *inter alia*:  21 U.S.C. § 844(a) is impermissibly vague because there is no statutory definition of "cocaine base"; and the evidence was insufficient to support it because the Government did *not* present scientific testimony identifying the substance he possessed.  Scott's properly-preserved sufficiency challenge is

5

reviewed in the light most favorable to the verdict, inquiring only whether a rational juror could find the offense elements established beyond a reasonable doubt. *E.g.*, ***United States v. Cuellar***, 478 F.3d 282, 287 (5th Cir. 2007) (en banc). Such review does *not* include weight or credibility of the evidence. *E.g.*, ***id.***

1.

A void-for-vagueness claim is reviewed *de novo*. *E.g.*, ***United States v. Monroe***, 178 F.3d 304, 308 (5th Cir. 1999). Scott's claim is without merit. *See* ***United States v. Thomas***, 932 F.2d 1085, 1090 (5th Cir. 1991).

2.

There was testimony from two narcotics Officers, with five and 15 years' experience, respectively, that the substance Scott possessed was consistent with crack cocaine. Viewing this evidence in the light most favorable to the verdict, this sufficiency challenge fails. *See* ***United States v. Osgood***, 794 F.2d 1087, 1095 (5th Cir. 1986). Concomitantly, Scott's related claim under ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), is unavailing.

E.

Scott contends the Government's failure to timely disclose potential impeachment evidence violated ***Brady v. Maryland***, 373 U.S. 83, 87 (1963) (holding "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment"),

6

and ***Giglio v. United States***, 405 U.S. 150 (1972) (extending ***Brady*** to impeachment evidence). Such a contention is reviewed *de novo*. *E.g.*, ***United States v. Infante***, 404 F.3d 376, 386 (5th Cir. 2005). To establish such a violation, Scott must show: "(1) the prosecution did not disclose evidence; (2) the evidence was favorable to [his] defense [because it was either exculpatory or impeaching]; and (3) the evidence was material — *i.e.*, there is a reasonable probability that if the [G]overnment had disclosed [it], the result of the proceeding would have been different". ***Id.***

The evidence at issue related to the criminal history of a witness called by the Government. Regarding this evidence, Scott, *inter alia*: obtained it prior to a lunch recess; questioned the witness about it on cross-examination; and referred to it during closing argument. Moreover, Scott did *not* subsequently call the witness in order to further develop the evidence and failed to present related evidence during the over-four-month period between trial and his new-trial motion's denial. Particularly in the light of the other evidence supporting the verdict, Scott fails to show the evidence at issue was material. *See* ***United States v. O'Keefe***, 128 F.3d 885, 898-99 (5th Cir. 1997).

F.

Finally, Scott maintains the district court erred in allowing an expert witness' testimony regarding the shotgun's barrel length because the Government failed to produce a related expert report,

in violation of Federal Rule of Criminal Procedure 16(a)(1)(G) (requiring the Government to provide, upon defendant's request, a written summary of expert testimony it intends to use in its case-in-chief).

A district court's rulings on claimed discovery violations are reviewed for abuse of discretion. *E.g.*, *Cuellar*, 478 F.3d at 293. Along that line, a Rule 16 violation does not mandate exclusion of the evidence. *E.g.*, *id*. Where a district court admits such evidence without sanctions, "a new trial must be ordered based on alleged discovery error only when a defendant demonstrates prejudice to his substantial rights". *Id.; see also* FED. R. CRIM. P. 52(a).

There was testimony from another Government expert witness, whose report was produced, establishing the shotgun's barrel length was well below the minimum length. *See* 26 U.S.C. § 5845(a). The requisite prejudice is lacking. *See Cuellar*, 478 F.3d at 293.

III.

For the foregoing reasons, the judgment is

*AFFIRMED.*