**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2013

Lyle W. Cayce
Clerk

No. 12-60115

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

GREGORY WASHINGTON,

Defendant–Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
U.S.D.C. No. 1:10-CR-166-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gregory Washington pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He reserved the right to appeal the district court's denial of his motion to quash the indictment and the applicability of an exception to the felon-in-possession statute for those whose civil rights have been restored, 18 U.S.C. § 921(a)(20). We AFFIRM.

Washington first contends that the district court should have quashed the indictment because his prior Louisiana felony conviction was constitutionally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60115

invalid. At the time of his arrest for the instant offense, however, Washington remained a convicted felon. Accordingly, his argument is foreclosed by *Lewis v. United States*, 445 U.S. 55, 64-67 (1980).[1] *See, e.g.*, *United States v. Hicks*, 389 F.3d 514, 535 (5th Cir. 2004) ("Concluding that 'Congress clearly intended that the defendant clear his status [as a convicted felon] *before* obtaining a firearm,' the Supreme Court affirmed the defendant's felon-in-possession conviction without entertaining the defendant's collateral attack on the predicate felony." (quoting *Lewis*, 445 U.S. at 64, 66) (alteration in original)); *United States v. Chambers*, 922 F.2d 228, 232 (5th Cir. 1991) ("*Lewis* held that the defendant's prior criminal conviction could properly be used as a predicate for his subsequent conviction for possession of a firearm . . . regardless of the fact that the prior conviction might otherwise be subject to collateral attack.").

Washington next argues that his felony conviction cannot serve as a predicate offense because the restoration-of-rights exception exempts from the felon-in-possession statute "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored . . . , *unless* such pardon, expungement, or restoration of civil rights *expressly provides* that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20)(B) (emphasis added). Washington asserts that the "Verification of First Offender Pardon" certificate sent by the Louisiana Department of Public Safety and Corrections insufficiently apprised him that, despite restoring several other civil rights, Louisiana law continued to prohibit

---

[1] Washington relies upon *Dameron v. United States,* 488 F.2d 724 (5th Cir. 1974), but *Lewis* specifically overruled that case. *See* 445 U.S. at 58 n.4, 67; *id.* at 68 & n.1 (Brennan, J., dissenting) (noting that the majority opinion in *Lewis* is "in disagreement with" *Dameron*); *United States v. Davis*, 773 F.2d 1180, 1181 (11th Cir. 1985) (explaining that *Lewis* "forecloses any contention [that *Dameron*] . . . retains any vitality for the proposition that a collateral attack on the underlying conviction is permissible as a defense in a subsequent firearms prosecution").

him from possessing a firearm. We review this argument *de novo*. *See United States v. Chenowith*, 459 F.3d 635, 636 (5th Cir. 2006).

A defendant must satisfy a two-prong test to invoke the restoration-of-rights exception. *See id.* at 637. First, the defendant's rights must have been "sufficiently restored" under § 921(a)(20), i.e., he regained the rights to vote, to hold public office, and to sit on a jury. *See id.* at 638. Second, the defendant nonetheless must not be "'*expressly* deprived of the right to possess a firearm by some provision of the restoration law or procedure of the state of the underlying conviction.'" *Id.* at 637 (quoting *United States v. Thomas*, 991 F.2d 206, 213 (5th Cir. 1993)).

This latter inquiry turns first on the method of restoration. *See Chenowith*, 459 F.3d at 637-38. Some states—including Louisiana—restore rights automatically by operation of state law. *See United States v. Dupaquier*, 74 F.3d 615, 617-19 (5th Cir. 1996) (construing Louisiana law). If a state restores rights by issuing a certificate, however, that certificate must expressly limit the right to possess firearms. *See Chenowith*, 459 F.3d at 638 (construing Ohio law). In such cases, "'a reservation in a corner of the state's penal code cannot be the basis of a federal prosecution.'" *Id.* (quoting *Thomas*, 991 F.2d at 213). Under either scenario, we endeavor to "give effect" to the state's chosen restoration-of-rights regime. *Caron v. United States*, 524 U.S. 308, 313 (1998).

Louisiana law automatically restores most civil rights upon completion of a first-time offender's sentence. *See* La. Const. art. I, § 20; La. Rev. Stat. § 15:572(B)(1), (D). To that end, the Division of Probation and Parole must issue a certificate to a first-time offender "recognizing and proclaiming that [he] is fully pardoned for the offense, and that he has all rights of citizenship and franchise." La. Rev. Stat. § 15:572(D). Washington's certificate complied with these requirements. His rights therefore were "sufficiently restored" by operation of law. *See Dupaquier*, 74 F.3d at 617-18.

No. 12-60115

Louisiana law nonetheless "expressly deprived" Washington of the right to possess a firearm for ten years after completion of his sentence or parole.[2] *See* La. Rev. Stat. § 14:95.1(C). He remained under this statutory disability at the time of his arrest for the instant offense. Washington nonetheless argues that under *United States v. Richardson*, 168 F.3d 836 (5th Cir. 1999), his certificate was not "sufficiently explicit" about the deprivation of his firearm rights.

We disagree. *Richardson* also concerned a "first-offender pardon" under Louisiana law. The defendant there, however, argued that his certificate was silent about his firearm rights and, therefore, that his rights were not "expressly deprived." We concluded that a letter in the defendant's pardon packet clearly notified him of the Louisiana law restricting his right to possess a firearm. *See id.* at 839-40.

Washington similarly had sufficient notice that the restoration of his "rights of citizenship and franchise" did not automatically extend to possessing a firearm and that he should verify his status before doing so. His one-page certificate states: "The right to receive, possess or transport a firearm may not be restored unless all legal provisions are met and should be determined through the local law enforcement agency." Although not a model of clarity, this language is neither silent as to Washington's firearm rights nor susceptible to an objective reading suggesting that those rights were restored. Accordingly, the district court did not err in determining that Washington's prior conviction may serve as a predicate offense under the felon-in-possession statute. *See* 18 U.S.C. § 921(a)(20).

AFFIRMED.

---

[2] *Chenowith* involved an Ohio statutory framework that made restoration dependent on the *discretionary* issuance of a certificate. Here, however, the restoration and deprivation of Washington's rights occurred automatically by operation of Louisiana law. *See Chenowith*, 459 F.3d at 638-39; *Dupaquier*, 74 F.3d at 617-18. The certificate in *Chenowith*, moreover, made no mention of the defendant's firearm rights. *See* 459 F.3d at 639.