# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-30526
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Julius W. Cerdes, Jr.,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-117-1

———————————————————————

Before Jones and Graves, *Circuit Judges*, and Rodriguez, *District Judge*.*

Per Curiam:*

Julius W. Cerdes, Jr. appeals the district court's denial of his petition for a writ of coram nobis, seeking to have his conviction under 18 U.S.C. § 922(g)(1) for possession of ammunition by a felon vacated because his

———————————

* United States District Judge for the Southern District of Texas, sitting by designation.

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

predicate felony conviction has since been overturned. He argues that the interests of justice warrant the requested relief because the predicate conviction resulted from the gross misconduct of a government agent. For the following reasons, we AFFIRM the district court's denial of Cerdes's petition.

I.

In 2006, Cerdes pled guilty to conspiracy to distribute marijuana, a crime for which he served a sentence of 18 months. Chad Scott, a task force agent of the Drug Enforcement Administration, played a critical role in the investigation and arrest of Cerdes, as well as in pre-trial negotiations that ultimately led to Cerdes's guilty plea.

In 2013, a law enforcement agent recognized Cerdes at a pawn shop and observed him buying ammunition. In a resulting search of Cerdes's residence, law enforcement found 5,000 rounds of ammunition. A federal prosecution followed, and Cerdes pled guilty to possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). The 2006 conspiracy conviction served as the predicate felony. The district court sentenced Cerdes to three years of probation, which he completed in December 2015.

Beginning in 2016, information emerged casting suspicions on Agent Scott's role in connection with Cerdes's 2006 conspiracy conviction. It is now undisputed that Scott planted marijuana in Cerdes's truck and wrongfully pressured Cerdes into a guilty plea. After two trials in 2019 and 2021, Scott was convicted of federal charges stemming from his misconduct, and the court sentenced him to 160 months imprisonment. *See United States v. Cerdes*, No. 23-30141, 2023 WL 8725914, at *1-2 (5th Cir. Dec. 19, 2023) (per curiam); *United States v. Scott*, 70 F.4th 846, 864 (5th Cir. 2023).

Following Scott's conviction, Cerdes filed a petition for a writ of coram nobis in the predicate case. The district court denied the petition as

untimely, but this Court vacated the ruling and remanded the matter, finding that the "unique and extraordinary circumstances" of the case reasonably led Cerdes to fear challenging his guilty plea before the United States discovered and prosecuted Scott's misconduct. *See Cerdes*, 2023 WL 8725914, 4. In 2024, on remand, a district court vacated Cerdes's 2006 conspiracy conviction.

Having secured victory as to the 2006 conspiracy conviction, Cerdes then filed a petition for a writ of coram nobis in the instant case, seeking to vacate his § 922(g)(1) conviction. The district court denied relief, relying on *Lewis v. United States*, 445 U.S. 55 (1980), and this Court's application of *Lewis* in analogous cases.

Cerdes timely appealed the decision.

## II.

We review the district court's "factual findings for clear error, questions of law *de novo*, and the district court's ultimate decision to deny the writ for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010). Based on the record and the governing law, we conclude that the district court acted within its discretion.

"The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996). "This writ will issue only to correct errors resulting in a complete miscarriage of justice." *Id.*

No. 24-30526

Forty-five years ago, the Supreme Court established that a federal statute passed constitutional muster by prohibiting "a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." *Lewis v. United States*, 445 U.S. 55, 65 (1980). As explained in that decision, "Congress could rationally conclude that any felony conviction, even an allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm." *Id.*

This Court has applied *Lewis* to uphold convictions under 18 U.S.C. § 922, even when the conditions that served as the predicate later proved invalid. In 1991, the Court affirmed the conviction of an individual who received a firearm while under indictment for a felony, even when the indictment was later quashed. *United States v. Chambers*, 922 F.2d 228, 232 (5th Cir. 1991) ("Chambers, like the *Lewis* defendant, had ample opportunity to 'clear his status before obtaining a firearm,' but chose not to do so." (internal citation omitted)). A decade later, the Court affirmed a conviction under Section 922(g)(8) for possessing firearms and ammunition while subject to a protective order, even when the defendant contended that the protective order was void ab initio. *United States v. Hicks*, 389 F.3d 514, 535 (5th Cir. 2004). In 2018, the Court affirmed a conviction under Section 922(g)(5) for possession of a firearm by a person unlawfully in the United States, despite the individual's immigration status being changed to legal permanent resident after his arrest. *United States v. Lim*, 897 F.3d 673, 683 & nn.13-17 (5th Cir. 2018). In addition, in an unpublished decision, this Court affirmed the denial of a motion to quash an indictment containing a count under Section 922(g)(1). *United States v. Washington*, 544 F. App'x 365, 366 (5th Cir. 2013) (per curiam). The Court rejected the defendant's argument that the predicate offense was later found constitutionally invalid, explaining that *Lewis* foreclosed the argument because "[a]t the time of his arrest for the instant offense, . . . Washington remained a convicted felon." *Id.*

No. 24-30526

The principles in this line of cases apply straightforwardly to Cerdes. He succeeded in 2024 in vacating his 2006 conspiracy conviction. But in 2015, when he possessed ammunition, that predicate felony conviction remained in place. To avoid the restrictions to his ability to possess ammunition that the felony conviction created, Cerdes was required to clear that conviction before possessing the ammunition. He did not do so.

Cerdes challenges the application of *Lewis*, referencing an amendment in 1986 to 18 U.S.C. § 921(a)(20) and arguing that the Supreme Court has not considered whether "*Lewis* remains good law after this amendment." This Court has previously rejected this argument: "We are unpersuaded by Chambers' arguments based on [the 1986] amendment." *Chambers*, 922 F.2d at 233. We are bound by our court's previous rejection of this argument.

Cerdes also contends that recent Supreme Court decisions regarding the Second Amendment call into question the validity of *Lewis* and its progeny. The argument is unpersuasive. Neither *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022), nor *United States v. Rahimi*, 602 U.S. 680, 700-03 (2024), overruled *Lewis* or this Court's precedents applying that decision.

The district court did not abuse its discretion and properly applied this Court's precedents when denying Cerdes's petition for a writ of coram nobis. Accordingly, the district court's judgment is AFFIRMED.