United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-20052

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY DARRINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Southern District of Texas

_____

Before REAVLEY, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

REAVLEY, Circuit Judge:

Johnny Darrington challenges the constitutionality of the felon in possession

statute, 18 U.S.C. § 922(g)(1). The statute makes is unlawful for any person

> who has been convicted in any court of, a crime punishable by
> imprisonment for a term exceeding one year . . . to ship or transport in
> interstate or foreign commerce, or possess in or affecting commerce, any
> firearm or ammunition; or to receive any firearm or ammunition which has
> been shipped or transported in interstate or foreign commerce.

We uphold the constitutionality of the statute and accordingly affirm.

Darrington pleaded guilty to violating section 922(g)(1), subject to his right to challenge to the constitutionality of the statute on appeal. He makes several constitutional arguments.[1]

A.      Second Amendment

Relying on United States v. Emerson, 270 F.3d 203 (5th Cir. 2001), Darrington argues that section 922(g)(1) violates his individual right to keep and bear arms under the Second Amendment. Emerson recognized that the Second Amendment protects the right of individuals to privately possess and bear firearms. Id. at 260. Emerson is a carefully worded decision, and we do not address the contention that its recognition of a individual right to keep and bear arms is dicta.[2] For our purposes, Emerson itself explained that the individual right it recognized does not preclude the government from prohibiting the possession of firearms by felons:

> Although, as we have held, the Second Amendment does protect individual rights, that does not mean that those rights may never be made subject to any limited, narrowly tailored specific exceptions or restrictions for particular cases that are reasonable and not inconsistent with the right of Americans generally to individually keep and bear their private arms as historically understood in this country. Indeed, Emerson does not contend, and the district court did not hold, otherwise. As we have previously noted,

---

[1] We recognize that Darrington is making some of these arguments realizing that they are foreclosed by current Fifth Circuit precedent, in the hope of obtaining Supreme Court or en banc review.

[2] But see id. at 272 (Parker, J., specially concurring) ("I choose not to join Section V, which concludes that the right to keep and bear arms under the Second Amendment is an individual right, because it is dicta and is therefore not binding on us or on any other court.").

it is clear that felons, infants and those of unsound mind may be prohibited from possessing firearms.

Id. at 261. Emerson also discusses authority that legislative prohibitions on the ownership of firearms by felons are not considered infringements on the historically understood right to bear arms protected by the Second Amendment. Id. at 226 n.21.

Section 922(g)(1) does not violate the Second Amendment.

B.    Commerce Clause

Darrington argues that section 922(g)(1) exceeds congressional power to regulate interstate commerce because the statute does not require a "substantial" effect on interstate commerce. We rejected a commerce clause challenge to section 922(g)(1) in United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001). We reaffirmed that "'the constitutionality of § 922(g) is not open to question.'" Id. (quoting United States v. De Leon, 170 F.3d 494, 499 (5th Cir. 1999)). Daugherty rejected Darrington's argument that section 922(g)(1) cannot pass constitutional muster in light of the Supreme Court's decisions in United States v. Morrison, 529 U.S. 598 (2000), Jones v. United States, 529 U.S. 848 (2000), and United States v. Lopez, 514 U.S. 549 (1995). Daugherty, 264 F.3d at 518. See also United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996). As in the pending case, the interstate commerce requirement was met in Daugherty because the gun traveled in interstate commerce. Daugherty, 264 F.3d at 518.

Insofar as Darrington suggests that Emerson somehow upsets our prior holdings in Daugherty and other cases, one panel of this court cannot overrule the decision of another

3

panel.  FDIC v. Dawson, 4 F.3d 1303, 1307 (5th Cir. 1993).  Emerson itself recognized

that it could not overrule Fifth Circuit precedent in this regard.  Emerson, 270 F.3d at

217.   Alternatively, Darrington argues that even if the statute is facially constitutional,

his indictment was defective for failing to allege that his specific offense had a substantial

effect on interstate commerce.  We rejected this argument in United States v. Gresham,

118 F.3d 258, 264-65 (5th Cir. 1997).   He also argues that the factual basis for his plea

was insufficient because the evidence established only that the firearm was manufactured

in California and traveled across state lines at some unspecified point in the past.  We

have also rejected this argument.  United States v. Fitzhugh, 984 F.2d 143, 145-46 (5th

Cir. 1993).

### C.    Tenth Amendment

Insofar as Darrington challenges the constitutionality of section 922(g)(1) under

the Tenth Amendment, we have recognized, as explained above, that the statute is a valid

exercise of the congressional authority to regulate interstate commerce, and have further

recognized that "the Tenth Amendment's reservation to the states of power not conferred

on the federal government in no way inhibits the activities of the federal government in

situations in which a power has been so conferred."  Deer Park Indep. Sch. Dist. v. Harris

County Appraisal Dist., 132 F.3d 1095, 1099 (5th Cir. 1998).

### D.    Equal Protection

Darrington argues that the section 922(g)(1) amounts to an equal protection

violation because it depends on varying state law regimens for defining criminal conduct

and for the restoration of the right to bear arms.  In considering an equal protection challenge to a similar statute, the Supreme Court has held that "Congress could rationally conclude that any felony conviction, even an allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm."  Lewis v. United States, 445 U.S. 55, 66 (1980).[3]

Insofar as Lewis was based on the Supreme Court's view that "legislative restrictions on the use of firearms" do not "trench upon any constitutionally protected liberties," id. at 65 n.8, while Emerson has now recognized a individual right to bear arms, we do not read Emerson as conflicting with Lewis's equal protection holding. Emerson discusses Lewis and describes its holding as "in no way inconsistent with an individual rights model."  Emerson, 270 F.3d at 226 n.21.  As discussed above, Emerson expressly recognized that "felons, infants and those of unsound mind may be prohibited from possessing firearms."  Id. at 261.  It recognized such a prohibition as within those "limited, narrowly tailored specific exceptions or restrictions for particular cases that are reasonable and not inconsistent with the right of Americans generally to individually keep and bear their private arms as historically understood in this country."  Id.  Nor do we read Emerson as holding or even suggesting that, for equal protection purposes, a felon

---

[3]  We believe that the statute at issue in Lewis, 18 U.S.C. app. § 1202(a)(1) (repealed), and the current section 922(g)(1) are similar for purposes of an equal protection analysis, though their interstate commerce requirements may be different.  See United States v. Kuban, 94 F.3d 971, 977 (5th Cir. 1996)  (DeMoss, J., dissenting in part).

5

has a "fundamental" right to keep and bear arms, or that any governmental restrictions on this right must meet a constitutional strict scrutiny test, as Darrington argues. On the contrary, we read Emerson as excluding felons as a class from the Second Amendment's protection of "the right of Americans generally to keep and bear their private arms as historically understood in this country. . . . [I]t is clear that felons . . . may be prohibited from possessing firearms." Id. Again, Emerson is a carefully and laboriously crafted opinion, and if it intended to recognize that the individual right to keep and bear arms is a "fundamental right," in the sense that restrictions on this right are subject to "strict scrutiny" by the courts and require a "compelling state interest," it would have used these constitutional terms of art.[4]

We also note that, if anything, section 922(g)(1) in its current form is more uniform in application from state to state than the statute at issue in Lewis. In Lewis, the statute applied to any state or federal felon, see Lewis, 445 U.S. at 56 n.1, while the current version of section 922(g)(1) by it terms is restricted to "a crime punishable by imprisonment for a term exceeding one year." The current statute also excludes certain white collar and misdemeanor crimes, as well as convictions which have been expunged or which have been the subject of a pardon or restoration of civil rights. See 18 U.S.C. § 921(a)(20).

---

[4] Emerson does use the term "fundamental right to keep and bear arms," id. at 260, but in context we read this phrase to be a description of the district court's holding, which was reversed on appeal.

6

AFFIRMED.