United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20441
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE SCOTT HARRIS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-421-1
---------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Tyrone Scott Harris appeals from his guilty-plea conviction

for being a felon in possession of a firearm in violation of 18

U.S.C. § 922(g)(1). Harris argues that 18 U.S.C. § 922(g)(1) is

not narrowly tailored in light of the interplay of the Second

Amendment and the regulation of interstate commerce under the

Commerce Clause, is overly broad in its reach given the

legislative history of its intent, and unevenly burdens a

fundamental right in violation of equal protection by relying on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

inconsistent state law definitions.  He acknowledges that the foregoing arguments are foreclosed by this court's recent decision in United States v. Darrington, ___ F.3d ___, No. 03-20052, 2003 WL 22706079, at *1 (5th Cir. Nov 18, 2003).  We note, however, that Harris has preserved the issues for review by the Supreme Court.

Harris also argues that 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause power because the regulated activity does not substantially affect interstate commerce.  Alternatively, he argues that the factual basis for his plea was insufficient because the evidence established only that the firearm had traveled across state lines at some unspecified point in the past.  Harris raises these arguments solely to preserve them for possible Supreme Court review.  As he acknowledges, they are foreclosed by existing Fifth Circuit precedent.  See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

Finally, Harris argues that the district court erred at sentencing by accepting the probation officer's report without requiring the Government to offer evidence to rebut Harris's objections to the report.  Harris concedes that he offered no evidence in support of his objections and that this issue is also foreclosed by this court's precedent.  See United States v. Peters, 283 F.3d 300, 314 (5th Cir.), cert. denied, 536 U.S. 934 (2002).

AFFIRMED.