United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21340
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENDELL MITCHELL LASTRAPES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-163-ALL
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Bendell Mitchell Lastrapes appeals his guilty plea conviction pursuant to 18 U.S.C. § 922(g) for which he received a sentence of a term of imprisonment of 51 months to be followed by a three-year term of supervised release.

Relying on United States v. Emerson, 270 F.3d 203, 260-65 (5th Cir. 2001), Lastrapes argues that 18 U.S.C. § 922(g)(1) is unconstitutional in that it violates the Second Amendment right to keep and bear arms. He further argues that the provision is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

overbroad, it violates the Tenth Amendment by impinging on an area of law reserved to the States, and violates the Equal Protection Clause.

This court has rejected the proposition that Emerson suggests that 18 U.S.C. § 922(g)(1) violates the Second Amendment. United States v. Darrington, 351 F.3d 632, 634 (5th Cir. 2003). In Darrington, the court held that 18 U.S.C. § 922(g)(1) does not violate the Second Amendment, the Tenth Amendment, the Commerce Clause, or principles of equal protection. Id. at 633-35. Thus, 18 U.S.C. § 922(g)(1) is not unconstitutional.

Lastrapes further argues that 18 U.S.C. § 922(g) is unconstitutional under the Commerce Clause because it does not require a "substantial" effect on interstate commerce. He alternatively argues that his indictment was defective for failing to charge that the offense had a substantial effect on interstate commerce and that the factual basis for his guilty plea was insufficient because the evidence established only that the firearm was manufactured out of state and had traveled across state lines at some unspecified time in the past.

Lastrapes raised these arguments solely to preserve them for possible Supreme Court review. As he acknowledges, his arguments are foreclosed by existing Fifth Circuit precedent. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

AFFIRMED.