United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20799
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID EUGENE HARVEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-543-1
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Harvey appeals his conviction of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Harvey argues (1) that § 922(g), as applied in this case, violates the Commerce Clause, and (2) that the trial court violated FED. R. EVID. 404(b) by admitting evidence that showed trace amounts of cocaine were found during a search of Harvey's apartment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harvey concedes that his Commerce Clause argument is foreclosed by this court's precedent but raises the issue to preserve it for Supreme Court review.[1]

Following a hearing, the district court granted the Government's Rule 404(b) motion to admit the drug evidence on the grounds that it established a motive for Harvey to possess the firearms and that it suggested that he had knowledge of the firearms' presence in the apartment. Although Harvey argued in his opposition to the pre-trial motion that the drug evidence was irrelevant and likely to confuse and prejudice the jury, he did not object when the drug evidence was offered at trial. Accordingly, we review his challenge to the admission of the drug evidence for plain error.[2]

We will reverse a conviction for plain error only if there is a clear or obvious error that affects substantial rights.[3] Even then, we retain the discretion to correct such errors, and we will do so only if the errors seriously affect the fairness, integrity, or public reputation of judicial proceedings.[4]

Even if Harvey could demonstrate clear or obvious error, we must affirm Harvey's conviction because the admission of the drug

---

[1] *See United States v. Darrington*, 351 F.3d 632, 633 (5th Cir. 2003).

[2] *United States v. Duffaut*, 314 F.3d 203, 208-09 (5th Cir. 2002).

[3] *Id.*

[4] *Id.*

evidence did not violate his substantial rights.[5]  The indictment charged that Harvey violated §§ 922(g)(1) and 924(a)(2) by possessing "one or more firearms, namely, a Smith & Wesson .357 caliber handgun and a Mossberg .410 shotgun."  Harvey does not dispute that he is a convicted felon and that the charged firearms had traveled in interstate commerce.  Accordingly, proof that Harvey possessed either firearm is sufficient to support his conviction.[6]  The undisputed evidence shows that the loaded Smith & Wesson .357 revolver was on the closet shelf in Harvey's bedroom and that Harvey told the officers that he had placed the weapon there.  This evidence is more than adequate to support Harvey's conviction.[7]  Accordingly, his substantial rights were not affected by the admission of the evidence of cocaine residue.

AFFIRMED.

---

[5] *U.S. v. Olano*, 507 U.S. 725, 734-35 (1993).

[6] *Turner v. United States*, 396 U.S. 398, 420-21 (1970); *United States v. Merida,* 765 F.2d 1205, 1222 (5th Cir. 1985).

[7] *See United States v. Ybarra*, 70 F.3d 362, 365 (5th Cir. 1995).