United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20163
Conference Calendar

_____

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

PAXTON TROY DAVIS,

                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-198-ALL
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Paxton Troy Davis appeals from his guilty-plea conviction

for being a felon in possession of a firearm in violation of 18

U.S.C. § 922(g)(1).  Davis argues that 18 U.S.C. § 922(g)(1) is

not narrowly tailored in light of the interplay of the Second

Amendment and the regulation of interstate commerce under the

Commerce Clause, is overly broad in its reach given the

legislative history of its intent, and unevenly burdens a

fundamental right in violation of equal protection by relying on

inconsistent state law definitions.  He acknowledges that the

-----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foregoing arguments are foreclosed by this court's decision in United States v. Darrington, 351 F.3d 632 (5th Cir. 2003), cert. denied, ___ U.S. ___, 124 S. Ct. 2429 (2004), but has raised the issue to preserve it for possible review by the Supreme Court.

Davis also argues that 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause power because the regulated activity does not substantially affect interstate commerce.  Alternatively, he argues that the factual basis for his plea was insufficient because the evidence established only that the firearm had traveled across state lines at some unspecified point in the past.  Davis raises these arguments solely to preserve them for possible Supreme Court review.  As he acknowledges, they are foreclosed by existing Fifth Circuit precedent.  See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

AFFIRMED.