# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-40904
Conference Calendar

RONNIE GLENN TRIPLETT

Petitioner-Appellant

v.

KEITH ROY

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:08-CV-123

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Ronnie Glenn Triplett, federal prisoner # 15692-064, appeals the district court's denial of his petition, filed pursuant to 28 U.S.C. § 2241, in which he challenged the constitutionality of his conviction for being a felon in possession of a firearm in light of the recent Supreme Court decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). Triplett contends that his claim may be considered under the savings clause of 28 U.S.C. § 2255 because *Heller*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

establishes that he was convicted of a nonexistent offense and the claim was previously foreclosed by circuit law.

Under the savings clause of § 2255(e), a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). To do so, the petitioner must show that (1) his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) his claims were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

In *Heller,* the Court specifically noted that possession of a firearm by a convicted felon did not fall within the protection of the Second Amendment right to bear arms. 128 S. Ct. at 2816-17. In *United States v. Darrington*, 351 F.3d 632, 633-34 (5th Cir. 2003), this court held that 18 U.S.C. § 922(g), prohibiting possession of a firearm by a convicted felon, does not violate the Second Amendment right to bear arms. Recently, this court reaffirmed the holding in *Darrington*, stating that "*Heller* provides no basis for reconsidering *Darrington*." *United States v. Anderson*, ___ F.3d ___, No. 08-40160, 2009 WL 330263 at *2 (5th Cir. Feb. 11, 2009). Triplett fails to show that his claim falls within the savings clause of § 2255. *See Reyes-Requena*, 243 F.3d at 904.

Accordingly, the judgment of the district court is AFFIRMED.