

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAROD CADE SWINDLE, | § | No. 08-23-00057-CR |
| Appellant, | § | Appeal from the |
| v. | § | 109th Judicial District Court |
| THE STATE OF TEXAS, | § | of Andrews County, Texas |
| Appellee. | § | (TC# 8172) |

## <u>MEMORANDUM OPINION</u>

Appellant Jarod Cade Swindle was tried by a jury and convicted of the offense of unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04(a). In two issues, he challenges the constitutionality of § 46.04(a), on its face, and as applied to him. Because the record establishes a clerical error in the trial court's judgment, we reform the judgment to reflect the proper statute for the offense. We affirm the trial court's judgment as reformed.

## BACKGROUND

On December 31, 2021, an officer with the Andrews County Sheriff's Office responded to a 911 call reporting a subject with a firearm at a property located at 2150 S.E. 2700 in Andrews County. A small group of people were celebrating the New Year. The caller, who knew Swindle, reported that Swindle had said something that sounded like a threat, and he saw him with a gun in

his hand. Another witness saw "ammo" on his shoulder. When the officer arrived, he asked Swindle if he had a gun, and Swindle responded, "I don't have a gun. I'm a felon. I can't have one." The officers searched Swindle's vehicle and found a loaded AK-47. The officer then arrested Swindle "[f]or felon in possession of a firearm."

Prior to that date, Swindle was convicted, in 2014, of aggravated assault with a deadly weapon by threat. For that offense, he was sentenced to serve seven years in prison. Eventually, Swindle was indicted on one count of unlawful possession of a firearm by a convicted felon for the incident occurring on New Years' Eve. *See* TEX. PENAL CODE ANN. § 46.04(a).

Swindle filed a pretrial application for writ of habeas corpus where he argued the indictment should be dismissed because § 46.04(a) of the Texas Penal Code facially violated the Second Amendment of the United States Constitution. After a hearing, the trial court denied the application.

The case proceeded to trial where the State presented testimonial evidence through six witnesses. By certified copy of prior judgments, it also presented prior conviction evidence establishing that Swindle had previously pleaded guilty to felony arson in 2004, terroristic threat in 2010, and assault family violence in 2014. After the State rested its case, Swindle moved for directed verdict asserting that Texas Penal Code § 46.04, subparts (a) and (e), were unconstitutional on their face and as applied to him. The trial court denied Swindle's motion. Swindle next testified in his own defense where he testified that he believed he could own the weapon in question because his research showed it was not a "firearm" as prohibited by the terms of the applicable statute.

After deliberating, the jury returned a guilty verdict for unlawful possession of a firearm by a felon as prohibited by Texas Penal Code § 46.04(a). The trial court entered a final judgment

of conviction for "Unlawful Possession of a Firearm by a Felon," referencing "46.04(e) Texas Penal Code" as the statute for the offense, and sentenced Swindle to ten years confinement. This appeal followed.

## DISCUSSION

Swindle presents two issues for review. First, he contends that § 46.04(a) of the Texas Penal Code is unconstitutional because recent decisions of the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit demonstrate that regulations purporting to disarm persons convicted of crimes, even felonies, are not rooted in the nation's history nor its tradition of firearms regulations, and therefore, such laws offend the Second Amendment. Second, he argues that § 46.04(a) is unconstitutional as applied to him because the five-year prohibition on owning a firearm in one's own home, post-release from sentence, does not survive the recent test announced by the United States Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2123 (2022).

### A.  The Second Amendment

The Second Amendment to the Constitution of the United States provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. In a series of recent cases, the United States Supreme Court has addressed this amendment. First, in *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008), the Supreme Court held that "[a] ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense." Second, in *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010), the Court held that the Second Amendment applies to the states through the Fourteenth Amendment. Third and lastly, in *Bruen*, the Court held that the

3

Second Amendment also protects possession of a handgun outside the home for self-defense and this protected right was violated by a "proper cause" gun licensing standard that required applicants to "demonstrate a special need for self-protection." 142 S. Ct. at 2123.

In *Bruen*, the Court substantially clarified the level of scrutiny applicable to regulations impacting an individual's right to possess and carry a handgun publicly for self-defense. *Id.* The required analysis requires a court to initially ask whether the "Second Amendment's plain text covers [the] individual's conduct." *Id.* at 2126. This includes the question of whether the person challenging the regulation is one of "the people" who holds Second Amendment rights. *See id.* at 2134 ("It is undisputed that petitioners Koch and Nash-two ordinary, law-abiding, adult citizens-are part of the people whom the Second Amendment protects."); *United States v. Rahimi*, 61 F.4th 443, 452 (5th Cir. 2023), *cert. granted*, 143 S. Ct. 2688 (2023) ("*Heller*'s reference to law-abiding, responsible citizens meant to exclude from the Court's discussion groups that have historically been stripped of their Second Amendment rights . . . *Bruen*'s reference to ordinary, law-abiding citizens is no different."). If the Amendment's plain text covers the person and his conduct, that conduct is presumptively protected. *Bruen*, 142 S. Ct. at 2129–30. Accordingly, when the historical record presented to a court does not demonstrate a Second Amendment-encompassed firearm regulation that is consistent with American historical tradition, it is deemed unconstitutional. *See id.* at 2138. To show consistency, however, the government does not have to provide restrictions that are identical to the one being challenged, but rather "identify a well-established and representative historical analogue." *Id.* at 2133 (emphasis omitted).

Relevant to this case, § 46.04(a) of the Texas Penal Code provides that:

(a) A person who has been convicted of a felony commits an offense if he possesses a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2) after the period described by Subsection (1), at any location other than the premises at which the person lives.

TEX. PENAL. CODE ANN. § 46.04(a).

## B. Analysis

The State contends that Swindle's constitutional challenge fails because the Second Amendment's plain text does not cover the possession of a firearm by a violent felon like Swindle. Our sister courts of appeals have held, prior to *Bruen*, that the government may limit firearm possession without violating the Second Amendment. *See Arnett v. State*, No. 01-18-00859-CR, 2019 WL 6755503, at *4 (Tex. App.—Houston [1st Dist.] Dec. 12, 2019, pet. ref'd) (mem. op.) (holding § 46.04(b) was not unconstitutional on its face); *Wells v. Texas Dep't of Pub. Safety*, No. 14-17-00547-CV, 2019 WL 962214, at *2 (Tex. App.—Houston [14th Dist.] Feb. 28, 2019, no pet.) (mem. op., not designated for publication) (holding revocation of handgun license following a DWI conviction does not violate the Second Amendment); *Wargocz v. Brewer*, No. 02-17-00178-CV, 2018 WL 4924755, at *9 (Tex. App.—Fort Worth Oct. 11, 2018, no pet.) (mem. op., not designated for publication) (holding that protective-order statute prohibiting possession of a firearm, as applied in appellant's case, did not violate the Second Amendment).

As to § 46.04(a), the Texarkana Court of Appeals upheld the statute's constitutionality. *See Ross v. State*, No. 06-14-00157-CR, 2015 WL 4594130, at *6 (Tex. App.—Texarkana July 31, 2015, no pet.) (mem. op., not designated for publication) (determining that § 46.04(a)(1) was not unconstitutional as applied to appellant). There, our sister court of appeals noted that *Heller* and *McDonald* did not support appellant's assertion that the Second Amendment protected his right,

as a felon, to possess firearms in his own home. *See id.* Furthermore, the court cited to precedent of the United States Fifth Circuit Court of Appeals upholding the constitutionality of a federal statute forbidding felons from possessing firearms, on similar facts, which it noted was more restrictive than § 46.04(a). *See United States v. Anderson*, 559 F.3d 348, 351–52 (5th Cir.2009), *cert. denied*, 557 U.S. 913 (2009) (defendant may be convicted under federal statute as felon in possession of firearm for possessing firearm in his own home); *see also United States v. Darrington*, 351 F.3d 632, 633–34 (5th Cir.2003), *cert. denied*, 541 U.S. 1080 (2004) (holding 18 U.S.C.A. § 922(g) "does not violate the Second Amendment").

Swindle contends that because of the more recent *Bruen* decision, all prior caselaw regarding the constitutionality of firearms restrictions is now in question. But we note that, although these cases were decided before *Bruen*, they were all premised on the principle that felons had historically lacked Second Amendment rights. *See United States v. Emerson*, 270 F.3d 203, 261 (5th Cir. 2001) (reasoning that "felons, infants and those of unsound mind may be prohibited from possessing firearms"); *see also Heller*, 554 U.S. at 635 (stating that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons"); *McDonald*, 561 U.S. at 791.[1]

Swindle relies on two post-*Bruen* cases out of the United States Fifth Circuit Court of Appeals and the United States Third Circuit Court of Appeals to assert they support a finding that

---

[1] The Texas Court of Appeals have yet to review the effect *Bruen* has on the constitutionality of § 46.04(a) but have reviewed *Bruen* under the light of different scenarios. *See Ex parte Isedore*, No. 14-22-00161-CR, 2023 WL 142514, at *4 (Tex. App.—Houston [14th Dist.] Jan. 10, 2023, no pet.) *(*holding, while analyzing appellant's challenge as the *Bruen* decision requires, that the bond condition forbidding appellant from using or possessing a firearm while released on bond is consistent with American historical tradition and therefore passes muster under the Second Amendment); *Lynch v. Lopez*, No. 02-22-00435-CV, 2023 WL 3878434, at *4 (Tex. App.—Fort Worth June 8, 2023, no pet.) (rejecting appellant's request for a new trial based on argument that new case law demonstrates a default protective order's prohibition of his right to possess a firearm is unconstitutional); *Galovelho LLC v. Abbott*, No. 05-21-00965-CV, 2023 WL 5542621, at *7 (Tex. App.—Dallas Aug. 29, 2023, no pet. h.) (rejecting appellant's argument that the *Bruen* test is applicable in any context other than the Second Amendment).

§ 46.04(a) is unconstitutional on its face. *See Rahimi*, 61 F.4th at 452 (holding federal statute that prohibited possession of firearms by someone subject to domestic violence restraining order violated the Second Amendment); *Range v. Attorney Gen. United States of Am.*, 69 F.4th 96, 98, 106 (3d Cir. 2023) (holding federal statute that prohibited possession of firearms by someone "who has been convicted . . . of [] a crime punishable by imprisonment for a term exceeding one year" was unconstitutional as applied to someone with a false statement conviction). But we conclude the cases are unavailing.

First, considering the cases in reverse order, *Range* is factually distinguishable as the federal court of appeals specifically concluded the claimant remained "among 'the people' protected by the Second Amendment," despite his conviction of a nonviolent, non-dangerous misdemeanor for which he had not been incarcerated. *Range*, 69 F.4th at 98. Similarly, in *Rahimi*, the United States Fifth Circuit Court of Appeals reiterated the longstanding prohibition on the possession of firearms, stating that "*Heller*'s reference to law-abiding, responsible citizens" and "*Bruen*'s reference to ordinary, law-abiding citizens" "meant to exclude from the Court's discussion groups that have historically been stripped of their Second Amendment rights." *Rahimi*, 61 F.4th at 452. Specifically, the Fifth Circuit concluded that, even though the defendant was subject to an agreed domestic violence restraining order entered in a civil proceeding, "Rahimi was not a convicted felon or otherwise subject to another longstanding prohibition[] on the possession of firearms that would have excluded him" from the political community within the amendment's scope. *Id.* Because it concluded that Rahimi was among "the people" entitled to the Second Amendment guarantees, it continued its analysis to apply the scrutiny imposed by *Bruen*. *Id.* at 453.

7

Here, Swindle was previously convicted of aggravated assault, a second-degree felony. The State asserts this conviction disqualified him from the exercise of Second Amendment rights because § 46.04(a) finds historical analogues in laws that disarmed convicted felons. Indeed, federal circuit courts, post-*Bruen*, have examined and acknowledged that the Nation's history and traditions include "longstanding prohibitions on the possession of firearms by felons" and that such measures are "presumptively lawful." *Heller*, 554 U.S. at 626 n.26; *McDonald*, 561 U.S. at 786. Moreover, by analogizing to 18 U.S.C.A. § 922(g)(1), decisions reflect that *Bruen* itself signals the statute survives the new *Bruen* test. *Bruen*, 142 S. Ct. at 2122 (beginning the opinion by expressly reaffirming the holdings of the Supreme Court's decisions in *Heller* and *McDonald*); *United States v. Jackson*, 69 F.4th 495, 506 (8th Cir. 2023) (upholding the constitutionality of § 922(g)(1)). The United States Supreme Court specifically stated: "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Bruen*, 554 U.S. at 626. For these reasons, it remains unnecessary to engage in the historical analysis test articulated in *Bruen*. We conclude the United States Supreme Court left generally undisturbed the regulatory framework that keeps firearms out of the hands of dangerous felons through its decision in *Bruen* by reaffirming and adhering to its reasoning in *Heller* and *McDonald*.

Moreover, we conclude that Swindle's as applied challenge also fails. He asserts that because he was no longer serving his sentence for the prior felony when he was arrested for possessing a firearm, § 46.04(a) is unconstitutional as applied to him. Swindle directs us to the United States Third Circuit Court of Appeal's decision in *Range* to assert that even if "[d]isarmament of persons for firearms-related offenses was permitted," the disarmament should not last longer than the length of the sentence imposed. *See Range*, 69 F.4th at 105–06. He contends, for this reason, the five-year prohibition against possessing firearms in § 46.04(a) is

unconstitutional since his disability based on parole would have expired on January 8, 2021, or prior to his arrest for possession of a firearm in December 2021. Swindle, however, misunderstands the holding of *Range*, as there, the Court determined that a lifetime bar to firearm possession was unconstitutional when applied to Range because he was *not* a convicted felon or violent criminal. *See id.* at 105.

Accordingly, we conclude § 46.04(a) is constitutional on its face and as applied to Swindle. We overrule Swindle's first and second issue.

## CONCLUSION

Although we overrule Appellant's two issues, we do find a clerical error in the trial court's judgment. The judgment identifies the statute for the offense as §46.04(e) of the Texas Penal Code. But the record shows Swindle was indicted under §46.04(a), and a jury found him guilty as charged under that provision. Accordingly, we reform the judgment so that the statutory offense reads §46.04(a) of the Penal Code. We affirm the judgment as reformed.


GINA M. PALAFOX, Justice

October 31, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)

9