# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10198
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 21, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DERRICK DURRELL JONES,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-446-1

————————————————————

Before SMITH, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Derrick Durrell Jones pleaded guilty, without a written plea agreement, to possession of a firearm as a convicted felon. *See* 18 U.S.C. § 922(g)(1). On appeal, Jones argues that § 922(g)(1) is unconstitutional because it (1) violates the Commerce Clause and (2) violates the Second Amendment. As he concedes, he did not preserve these arguments in the

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

district court. Thus, our review is for plain error only. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014) (reviewing unpreserved constitutional challenge to a federal statute for plain error). To demonstrate plain error, Jones must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, this court may correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

I.

Jones first argues that § 922(g)(1) is unconstitutional on its face and as applied to him because it exceeds Congress's authority under the Commerce Clause. He asserts that Congress's commerce power does not support the "long-accepted interpretation of § 922(g)'s nexus element," and that the government should be required "to prove more than the firearm's past moments in commerce." However, he acknowledges that this court previously has rejected Commerce Clause challenges to § 922(g)(1). *See United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013).

In *Alcantar*, 733 F.3d at 145, this court recognized that it has "consistently upheld the constitutionality of § 922(g)(1)," even after *United States v. Lopez*, 514 U.S. 549 (1995). This court's rule of orderliness compels it to follow existing circuit precedent unless the Supreme Court "unequivocally" overrules it. *United States v. Petras*, 879 F.3d 155, 164 (5th Cir. 2018) (internal quotation marks and citation omitted). None of the cases cited by Jones expressly overrule *Alcantar*. Accordingly, this argument is foreclosed. *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020) (relying on *Alcantar* to hold that Commerce Clause challenge to § 922(g) conviction was foreclosed).

## II.

Jones also argues that § 922(g)(1) violates the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which set forth a new test for assessing the constitutionality of a statute under the Second Amendment, and that the district court's failure to advise him of its unconstitutionality violated Federal Rule of Criminal Procedure 11. The *Bruen* Court stated that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 142 S. Ct. at 2129–30. "The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130. Only if the Government meets its burden "may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* (internal quotation marks and citation omitted).

Before *Bruen*, this court held that § 922(g)(1) does not violate the Second Amendment. *See, e.g.*, *United States v. Darrington*, 351 F.3d 632, 633-34 (5th Cir. 2003). And in his concurring opinion in *Bruen*, Justice Kavanaugh—quoting *District of Columbia v. Heller*, 554 U.S. 570, 626–27 (2008), and *McDonald v. Chicago*, 561 U.S. 742, 786 (2010)—stated: "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (internal quotation marks omitted).

This court has not yet addressed the impact of *Bruen* on the constitutionality of § 922(g)(1) in a case in which the issue was preserved in the district court. In the plain error context, "a lack of binding authority is often dispositive." *United States v. McGavitt*, 28 F.4th 571, 577 (5th Cir. 2002) (internal quotation marks and citation omitted), *cert. denied*, 143 S. Ct.

282 (2022).  While Jones need not show that his specific challenge has been addressed in a prior decision, "he must at least show error in the straightforward applications of existing cases." *United States v. Cabello*, 33 F.4th 281, 291 (5th Cir. 2022) (internal quotation marks and citation omitted).  Arguments that require the extension of existing precedent cannot meet the plain error standard. *Id.*

Additionally, any error is not plain if "this circuit's law remains unsettled and the other federal circuits have reached divergent conclusions." *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007).  The Third and Eighth Circuits have considered the constitutionality of § 922(g)(1) after *Bruen* and reached conflicting results.  *See Range v. Att'y Gen.*, 69 F.4th 96, 98–99 (3d Cir. 2023) (en banc) (rejecting the Government's argument that statements in *Heller*, *McDonald*, and *Bruen* seemingly approved of felon disarmament and holding that the defendant remained one of the people protected by the Second Amendment given his particular felony conviction and had a right to purchase a hunting rifle and shotgun for self-defense); *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) (holding that "[t]he longstanding prohibition on possession of firearms by felons is constitutional").

Given the absence of binding precedent holding that § 922(g)(1) is unconstitutional, and that it is unclear that *Bruen* dictates such a result, we have rejected plain-error challenges to § 922(g)(1) under *Bruen* in several unpublished opinions.  *See, e.g.*, *United States v. Roy*, No. 22-10677, 2023 WL 3073266 (5th Cir. Apr. 25, 2023) (unpublished), *cert. denied*, No. 23-5188, 2023 WL 6378839 (U.S. Oct. 2, 2023); *United States v. Hickcox*, No. 22-50365, 2023 WL 3075054 (5th Cir. Apr. 25, 2023) (unpublished), *cert. denied*, No. 23-5130, 2023 WL 6378730 (U.S. Oct. 2, 2023); *United States v. Pickett*, No. 22-11006, 2023 WL 3193281, 1 (5th Cir. May 2, 2023) (unpublished); *United States v. Smith*, No. 22-10795, 2023 WL 5814936 (5th Cir. Sept. 8,

2023) (unpublished); *United States v. Racliff*, No. 22-10409, 2023 WL 5972049 (5th Cir. Sept. 14, 2023) (unpublished); *United States v. EtchisonBrown*, No. 22-10892, 2023 WL 7381451 (5th Cir. Nov. 7, 2023) (unpublished). The different conclusions reached by the Third and Eighth Circuits noted above further support the conclusion that this unsettled question is not clear or obvious error. *See Salinas*, 480 F.3d at 759. Accordingly, we conclude that Jones has failed to demonstrate that the district court's application of § 922(g)(1) constitutes plain error.

AFFIRMED.