# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-30382

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Fredarius D. Jackson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-168-1

_____

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Fredarius D. Jackson pleaded guilty to a one-count indictment charging him with possessing firearms and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced to sixty months in prison and a three-year term of supervised release. He timely appealed. Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal from the date of entry of the judgment). As he concedes, he did not preserve his arguments on

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appeal in the district court. Thus, our review is for plain error only. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014) (reviewing an unpreserved constitutional challenge to a federal statute for plain error). To demonstrate plain error, Jackson must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, this court may correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

Jackson argues that § 922(g)(1) violates the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), which set forth a new test for assessing the constitutionality of a statute under the Second Amendment, and that the district court's failure to advise him of its unconstitutionality violated Federal Rule of Criminal Procedure 11. The *Bruen* Court stated that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 597 U.S. at 24. "The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130. Only if the Government meets its burden "may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* (internal quotation marks and citation omitted).

Before *Bruen*, this court held that § 922(g)(1) does not violate the Second Amendment. *See, e.g.*, *United States v. Darrington*, 351 F.3d 632, 633-34 (5th Cir. 2003) (citation omitted). And in his concurring opinion in *Bruen*, Justice Kavanaugh—quoting *District of Columbia v. Heller*, 554 U.S. 570, 626–27 (2008), and *McDonald v. Chicago*, 561 U.S. 742, 786 (2010)—stated: "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring).

No. 23-30382

This court addressed the impact of *Bruen* on the constitutionality of § 922(g)(1) in *United States v. Jones*, No. 23-10198, 2023 WL 8074295, at *1 (5th Cir. Nov. 21, 2023) (per curiam published opinion). The *Jones* court reviewed § 922(g)(1) for plain error and reasoned that if an argument requires "the extension of existing precedent [then it] cannot meet the plain error standard." *Id.* at *2 (citations omitted). This court also held that the appellant failed to demonstrate that the district court's application of § 922(g)(1) constituted plain error, meaning it was not clear or obvious error, and affirmed the lower court's opinion. *Id.* at *2–3.

Applying the same standard to the instant case yields the same result, and Jackson has not shown that any error was clear or obvious. Consequently, his appeal cannot survive plain error review. Moreover, absent a Supreme Court decision or our court sitting en banc and providing an "intervening contrary or superseding decision," a panel of this court "cannot overrule a prior panel's decision." *Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Thus, we must adhere to the precedent set by *Jones* and conclude that Jackson's argument does not survive plain error review. 2023 WL 8074295, at *1–3.

Therefore, the judgment of the district court is AFFIRMED.