# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2024

Lyle W. Cayce
Clerk

No. 23-40134

United States of America,

*Plaintiff—Appellee*,

*versus*

Julio Cesar Reyna,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-62-1

Before Higginbotham, Smith, and Higginson, *Circuit Judges*.
Per Curiam:[*]

Julio Cesar Reyna was arrested, while on probation, during a December 27, 2020 traffic stop of a car in which he was a passenger. Arresting officers observed the driver and Reyna with a bag of marijuana between them. Upon search of the vehicle, which was registered to Reyna, they found under the passenger seat a Ruger semiautomatic, .380 caliber pistol alongside a magazine with eight rounds of .380 caliber ammunition. A record check on

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40134

the firearm showed that it had been reported stolen in Plano, Texas, in 2018. On May 16, 2022 Reyna pleaded guilty, without a plea agreement, to possession of a firearm as a convicted felon. *See* 18 U.S.C. § 922(g)(1). On February 15, 2023 the district court sentenced Reyna to 120 months, an upward variance on the guidelines range of 30–37 months, citing a "greatly underreported" criminal history and "complete lack of respect for the law."

Reyna timely appealed, and his counsel filed a Motion to Withdraw as Counsel and an *Anders* brief on June 7, 2023. Counsel stated that there were no nonfrivolous issues for appeal regarding his guilty plea or sentence. Reyna did not file a response to the motion. On August 31, 2023, this court issued an order noting that counsel had not addressed whether there was a nonfrivolous issue on appeal as to whether Reyna's § 922(g)(1) conviction violated the Second Amendment under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), which had been decided in June 2022—after Reyna's guilty plea and before his sentencing. The court directed counsel to "file within 30 days a supplemental Anders brief addressing the above issue or, in the alternative, a brief on the merits addressing any nonfrivolous issues that counsel deems appropriate."

On September 14, 2023, counsel filed a supplemental *Anders* brief, in which counsel averred that "[t]he firearm Mr. Reyna possessed was stolen and based on his criminal history, counsel can discern there is no nonfrivolous argument regarding Mr. Reyna's conviction or sentence pursuant to *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2002) [sic]." Reyna did not file a response to the supplemental *Anders* brief, and the government has not filed any briefs in this appeal.

I.

2

No. 23-40134

Because no Second Amendment challenge was preserved in the district court, plain error review is appropriate here. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014) (reviewing unpreserved constitutional challenge to a federal statute for plain error). To show a plain error, there must be a "deviation from a legal rule" that was not affirmatively waived by a defendant. *U.S. v. Olano*, 507 U.S. 725, 732–33 (1993). The defendant must demonstrate that the error was "clear or obvious, rather than subject to reasonable dispute," and this error "must have affected the appellant's substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009). A court of appeals has discretion to remedy such an error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (citation omitted).

## II.

A recent published decision of this court, *United States v. Jones*, squarely addresses the question of whether a defendant may prevail on a *Bruen* challenge to 18 U.S.C. § 922(g)(1) on plain error review.[1] Other unpublished opinions conduct the same analysis.[2] In all cases, the answer is no. This court consistently held § 922(g)(1) to be constitutional before *Bruen*,[3]

---

[1] 88 F.4th 571 (5th Cir. 2023).

[2] *See, e.g.*, *United States v. Roy*, No. 22-10677, 2023 WL 3073266 (5th Cir. Apr. 25, 2023) (unpublished), *cert. denied*, 144 S.Ct. 234 (2023); *United States v. Hickcox*, No. 22-50365, 2023 WL 3075054 (5th Cir. Apr. 25, 2023) (unpublished), *cert. denied*, 144 S.Ct. 237 (2023); *United States v. Pickett*, No. 22-11006, 2023 WL 3193281 (5th Cir. May 2, 2023) (unpublished); *United States v. Smith*, No. 22-10795, 2023 WL 5814936 (5th Cir. Sept. 8, 2023) (unpublished); *United States v. Racliff*, No. 22-10409, 2023 WL 5972049 (5th Cir. Sept. 14, 2023) (unpublished); *United States v. EtchisonBrown*, No. 22-10892, 2023 WL 7381451 (5th Cir. Nov. 7, 2023) (unpublished).

[3] *See, e.g., United States v. Darrington*, 351 F.3d 632, 633–34 (5th Cir. 2003).

and we have not reconsidered the issue in a properly preserved challenge from a district court. *Jones*, 88 F.4th at 573. In properly preserved challenges, the Third and Eighth Circuits have reached differing conclusions on the applicability of *Bruen* to the felon-in-possession statute.[4] Furthermore, "[a]rguments that require the extension of existing precedent cannot meet the plain error standard." *Id.* at 574 (citing *United States v. Cabello*, 33 F.4th 281, 291 (5th Cir. 2022)).

Accordingly, we conclude that there is no plain error in the district court's conviction or sentencing of Reyna under § 922(g)(1).

AFFIRMED.

---

[4] *Compare United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) (holding that "[t]he longstanding prohibition on possession of firearms by felons is constitutional") *with Range v. Att'y Gen.*, 69 F.4th 96, 98–99 (3d Cir. 2023) (en banc) (holding that petitioner, who had one felony conviction for making a false statement to obtain food stamps, remained among "'the people' protected by the Second Amendment").