# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2024

Lyle W. Cayce
Clerk

_____

No. 23-20515
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Nathan Steward,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CR-15-1

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Nathan Steward appeals his conviction for possession of a firearm as a felon. He contends that, in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022), 18 U.S.C. § 922(g)(1) is unconstitutional

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

because it violates the Commerce Clause, the Equal Protection Clause, and the Second Amendment.

We review his constitutional challenges for plain error because he did not raise them in the district court. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). To demonstrate plain error, Steward must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court has the discretion to correct the error and should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and brackets omitted).

Steward's argument that the district court plainly erred because § 922(g)(1) is unconstitutional is foreclosed by *United States v. Jones*, 88 F. 4th 571, 573-74 (5th Cir. 2023). In *Jones*, we held that any error was not clear or obvious because there was no binding precedent holding that § 922(g)(1) was unconstitutional and it was unclear that *Bruen* dictated such a result. *Id.* Additionally, Steward's argument that § 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause is foreclosed by *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013).

As for the argument that § 922(g)(1) violates Equal Protection Clause, we rejected an equal protection challenge to § 922(g)(1) in *United States v. Darrington*, 351 F.3d 632 (2003). There, we determined that governmental restrictions on the right to bear arms need not meet a strict scrutiny test because it was not a fundamental right. *Id.* at 635. Steward contends that *Bruen* has rendered *Darrington* obsolete because the right to keep and bear arms is a fundamental right and therefore strict scrutiny should apply.

Neither the Supreme Court nor this court sitting en banc has overruled *Darrington*. A panel of this court "cannot overrule a prior panel's decision" absent a Supreme Court decision or our court sitting en banc and

providing an "intervening contrary or superseding decision." *Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Moreover, the purported error is not clearly obvious in the absence of controlling authority establishing that the right to keep and bear arms is a fundamental right. *See Jones*, 88 F. 4th at 573.

AFFIRMED.