# United States Court of Appeals for the Fifth Circuit

_____

No. 23-20504
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Cameron Edwards,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-95-1

_____

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Cameron Edwards pleaded guilty of possession of a firearm after a felony conviction. He appeals his conviction and sentence, positing for the first time that 18 U.S.C. § 922(g)(1) does the following: (1) violates the Second Amendment facially and as applied to him; (2) violates his equal-protection rights under the Fifth Amendment; and (3) exceeds Congress's powers under the Commerce Clause. He renews his challenge that the district court

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense.

Edwards's facial challenge to § 922(g)(1) is foreclosed by *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625). Regarding Edwards's unpreserved as-applied challenge, he is unable to show clear or obvious error. *See United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024); *United States v. Schnur*, 132 F.4th 863, 867–71 (5th Cir. 2025); *Diaz*, 116 F.4th at 466–72.

We rejected an equal-protection challenge to § 922(g)(1) in *United States v. Darrington*, 351 F.3d 632 (2003), *abrogated on other grounds by Diaz*. Because neither the Supreme Court nor this court sitting en banc has over-ruled *Darrington*, the purported error is not clear or obvious. *See Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999); *Jones*, 88 F.4th at 573.

Edwards's theory that § 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause is foreclosed by *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013).

Reviewing Edwards's preserved argument regarding the application of the four-level enhancement under § 2K2.1(b)(6)(B) for clear error, the district court did not err in finding that Edwards possessed the firearm in connection with drug-trafficking activity. *See United States v. Bass*, 996 F.3d 729, 742 (5th Cir. 2021).

AFFIRMED.