# United States Court of Appeals for the Fifth Circuit

---

No. 24-40601
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES ALFREDO MORENO-SALAZAR,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:24-CR-119-1

---

Before BARKSDALE, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

James Alfredo Moreno-Salazar appeals his guilty-plea conviction for possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). He raises four constitutional issues regarding his statute of conviction: facial and as-applied challenges under the Second Amendment; a Commerce Clause challenge; and an equal-protection challenge under the

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Fifth Amendment's Due Process Clause. Because he properly preserved his first three claims, our court reviews them *de novo*. *E.g.*, *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). His fourth—equal-protection—claim, however, was not preserved and is, therefore, reviewed for plain error. *See id.*

Moreno asserts § 922(g)(1) is unconstitutional under the Second Amendment as applied to him because disarming him based upon his prior Texas conviction for the manufacture and delivery of a controlled substance does not fit within this country's historical tradition of regulating firearms. In the light of our recent decision in *United States v. Kimble*, 142 F.4th 308, 309, 317–18 (5th Cir. 2025), his contention fails. In *Kimble*, our court held permanent disarmament of offenders with a predicate offense of felony drug trafficking, as is the case here, was "consistent with this Nation's historical tradition of firearm regulation". *Id.* at 317 (citation omitted).

Turning to his facial challenge to § 922(g)(1) under the Second Amendment and his assertion that § 922(g)(1) violates the Commerce Clause, Moreno correctly concedes his claims are foreclosed by our precedent. *See United States v. Diaz*, 116 F.4th 458, 462, 467–72 (5th Cir. 2024), *cert. denied*, 2025 WL 1727419 (U.S. 23 June 2025) (No. 24-6625) (rejecting facial challenge to § 922(g)(1) under Second Amendment); *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013) (rejecting Commerce Clause challenge to § 922(g)(1)); *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020) (holding same). He raises these issues only to preserve them for possible further review.

As noted, Moreno did not preserve his equal-protection challenge in district court (as he also concedes). As also noted, because the issue was not preserved, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Moreno must show a

forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Prior to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), our court rejected an equal-protection challenge to § 922(g)(1) in *United States v. Darrington*, 351 F.3d 632, 634–35 (5th Cir. 2003), *abrogated on other grounds by Diaz*, 116 F.4th at 458. In *Darrington*, our court held governmental restrictions on the right to bear arms need not meet a strict scrutiny test because it was not a fundamental right. *Id.* at 635. Moreno contends *Bruen* has rendered *Darrington* obsolete because the right to keep and bear arms is a fundamental right, and therefore strict scrutiny should apply. Neither the Supreme Court nor our court sitting en banc has overruled *Darrington* on this basis. Therefore, we are bound by the rule of orderliness to follow our precedent. *See Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). In short, Moreno fails to show the requisite clear or obvious error.

AFFIRMED.